FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND** 2008 DEC -3 A 9: 22

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

| | |
|---|---|
| Federal Trade Commission | |
| **Plaintiff,** | Civil No. |
| **v.** | **RDB 08 CV 3233** |
| Innovative Marketing, Inc., *et al.* | |
| **Defendants.** | |
| **AND** | |
| Maurice D'Souza | |
| **Relief Defendant.** | |

[PROPOSED]
### *EX PARTE* TEMPORARY RESTRAINING ORDER
### AND ORDER TO SHOW CAUSE

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a Complaint for

Injunctive and Other Equitable Relief, and has moved *ex parte* for a temporary restraining order and for

an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure.

### **FINDINGS**

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in support

of the Commission's motion and finds that:

1.    This Court has jurisdiction over the subject matter of this case and there is good cause to believe

that it will have jurisdiction over all parties hereto;

2.      There is good cause to believe that the Defendants Innovative Marketing, Inc., also d/b/a

Billingnow, BillPlanet PTE Ltd., Globedat, Innovative Marketing Ukraine, Revenue Response,

Sunwell, Synergy Software BV, Winpayment Consultancy SPC, Winsecure Solutions, and

Winsolutions FZ-LLC; ByteHosting Internet Services, LLC; James Reno, d/b/a Setupahost.net,

individually and as an officer of Bytehosting Internet Services, LLC; Sam Jain, individually and

as an officer of Innovative Marketing, Inc.; Daniel Sundin, d/b/a Vantage Software and

Winsoftware, Ltd., individually and as an officer of Innovative Marketing, Inc.; Marc D'Souza,

d/b/a Web Integrated Net Solutions, individually and as an officer of Innovative Marketing, Inc.;

and Kristy Ross, individually and as an officer of Innovative Marketing, Inc. (the "Defendants"),

have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC

Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of

this action;

3.      There is good cause to believe that Relief Defendant Maurice D'Souza has received ill-gotten

funds or otherwise benefitted from funds that are the proceeds of the Defendants' unlawful acts;

4.      The evidence set forth in the Commission's Memorandum of Law in Support of *Ex Parte*

Motion for Temporary Restraining Order and Order to Show Cause ("TRO Motion"), and the

accompanying declarations and exhibits, demonstrates that the Commission is likely to prevail

on its claim that Defendants have engaged in deceptive acts or practices in violation of Section

5(a) of the FTC Act by making deceptive representations in connection with the marketing,

selling, and distribution of computer security products;

5.      There is good cause to believe that the Defendants will continue to engage in such unlawful

actions if not immediately restrained from doing so by Order of this Court. There is also good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by the Defendants of their assets or business records, unless the Defendants are immediately restrained and enjoined by Order of this Court. Based on the evidence set forth in the Commission's TRO Motion and in the accompanying declarations and exhibits, the Commission is likely to be able to prove that Defendants have engaged in a concerted course of unlawful activity in connection with the deceptive marketing, selling and distribution of computer security software in violation of Section 5(a) of the FTC Act. Furthermore, based on the evidence cited in the TRO Motion, the Commission is likely to be able to prove that: (1) Defendants have gone to great lengths to hide from both law enforcement and defrauded consumers by using false contact information, fake identities and fictitious business names, and sham Internet advertising agencies to place their deceptive advertisements; (2) the Defendants operate through a complex network of shell companies and bank accounts, most of which are located outside of the United States; (3) one of the Defendants, Sam Jain, has a history of evading service of civil process; (4) the Defendants moved their operations outside of the United States for the stated purpose of "escap[ing] regulation from the Federal Trade Commission and avoid[ing] State Attorneys who were sanctioning and shutting down similar organizations, as well as other civil liabilities from tens of thousands of dissatisfied end consumers;" and (5) Defendants have continued their unlawful operations unabated despite multiple private lawsuits and calls from the Internet security community to cease their injurious activity. Thus, there is good cause to believe that Defendants

3

will continue to engage in attempts to conceal the scope of their unlawful actions to avoid returning their ill-gotten gains to consumers injured by their unlawful practices if not restrained from doing so by Order of this Court;

6.     The Commission has not provided notice to the Defendants due to the likelihood that advance notice of this action will cause the Defendants to abscond with or destroy discoverable evidence and conceal or dissipate assets. The Commission's request for this emergency *ex parte* relief is not the result of any lack of diligence on the Commission's part, but instead is based upon the nature of the Defendants' unlawful conduct. Accordingly, there is good cause for relieving the Commission of the duty to provide the Defendants with prior notice of the Commission's application;

7.     There is good cause for the Court to order an asset freeze against the Defendants and Relief Defendant Maurice D'Souza. Based on the evidence set forth in the TRO Motion, the Commission is likely to be able to prove that Defendants have generated significant revenues from activity that violates Section 5(a) of the FTC Act, including misrepresenting to consumers that they have scanned consumers' computers and that those computers contain privacy or security threats. In addition, the Commission is likely to be able to prove that Relief Defendant Maurice D'Souza has likely received ill-gotten funds or otherwise benefitted from funds that are the proceeds of the Defendants' unlawful acts. An asset freeze as to the Defendants and Relief Defendant Maurice D'Souza is necessary in order to preserve the possibility of complete and meaningful relief in the form of consumer redress and/or disgorgement at the conclusion of this litigation;

8.   Weighing the equities and considering the Commission's likelihood of ultimate success, a

temporary restraining order requiring an immediate freeze as to all of the Defendants' and the

Relief Defendant's assets and accounting of assets, preserving business records, and providing

other equitable relief is in the public interest; and

9.   Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency

thereof for the issuance of a restraining order.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1.   **"Corporate Defendants"** means Innovative Marketing, Inc. ("IMI"), also d/b/a Billingnow,

BillPlanet PTE Ltd., Globedat, Innovative Marketing Ukraine, Revenue Response, Sunwell,

Synergy Software BV, Winpayment Consultancy SPC, Winsecure Solutions, and Winsolutions

FZ-LLC; and any other d/b/a of Innovative Marketing, Inc.; ByteHosting Internet Services, LLC

("Bytehosting"); and their successors, assigns, affiliates, or subsidiaries.

2.   **"Defendants"** means, individually, collectively or in any combination: (a) each Corporate

Defendant; (b) each Individual Defendant; (c) any person insofar as he or she is acting in the

capacity of an officer, agent, representative, servant, employee or attorney of the Corporate

Defendants or any Individual Defendant; and (d) all persons or entities in active concert or

participation with any of the foregoing who receive notice of this Order by personal service or

otherwise. (Fed. R. Civ. P. 65(d)).

3.   **"IMI Defendants"** means IMI, Billingnow, BillPlanet PTE Ltd., Globedat, Innovative

Marketing Ukraine, Revenue Response, Sunwell, Synergy Software BV, Winpayment

Consultancy SPC, Winsecure Solutions, and Winsolutions FZ-LLC; and any other d/b/a of IMI;

ByteHosting; James Reno, d/b/a Setupahost, individually and as an officer of Bytehosting; Sam

Jain, individually and as an officer of IMI; Daniel Sundin, d/b/a Vantage Software and

Winsoftware, Ltd., individually and as an officer of IMI; Marc D'Souza, d/b/a Web Integrated

Net Solutions, individually and as an officer of IMI; Kristy Ross, individually and as an officer

of IMI; and their successors, assigns, affiliates, or subsidiaries.

4.  **"Relief Defendant"** means Maurice D'Souza.

5.  **"Individual Defendants"** means James Reno, individually and through any d/b/a, Sam Jain,

individually and through any d/b/a, Daniel Sundin, individually and through any d/b/a, Marc

D'Souza, individually and through any d/b/a, Kristy Ross, individually and through any d/b/a.

6.  **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or

intellectual property of any Corporate Defendant, Individual Defendant, or Relief Defendant or

held for the benefit of any Corporate Defendant, Individual Defendant, or Relief Defendant

wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures,

general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock,

inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the

Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for

the benefit of any Corporate Defendant, Individual Defendant, or Relief Defendant, any

Individual Defendant's or Relief Defendant's minor children, or any Individual Defendant's or

Relief Defendant's spouse.

7.  **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the

Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet

sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages,

photographs, audio and video recordings, contracts, accounting data, advertisements (including,

but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access

Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

8.    A **"Host"** or **"Hosting Company"** is the party that provides the infrastructure for a computer service. With respect to web pages and web sites, a Host or Hosting Company maintains "Internet servers" – the computers on which web sites, web pages, Internet files, or resources reside. The Host or Hosting Company also maintains the communication lines required to link the server to the Internet. Often, the content on the servers (*i.e.,* content of the web pages) is controlled by someone other than the Host or Hosting Company.

9.    **"Affiliate marketer"** or **"sub-affiliate marketer"** means any person who provides or has provided defendants with assistance in marketing, advertising, distributing, downloading, or installing software code or other goods or services on behalf of the IMI Defendants.

10.    **"Affiliate program"** is an arrangement under which the IMI Defendants pay or offer to pay another ("the affiliate") to market, advertise, distribute, download or install software code or other goods or services on behalf of the IMI Defendants, with the affiliate being paid based on performance measures, including but not limited to the number of software code installations or downloads.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that, in connection with marketing and distributing computer software security products, the Defendants are temporarily restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that: (1) a computer scan or any other type of remote or local computer analysis has been performed, including but not limited to claims that a computer has been scanned or otherwise analyzed for viruses, spyware, pornography, or system errors; or (2) security or privacy problems have been detected on a computer, including but not limited to claims that a computer contains viruses, spyware, pornography, or system errors.

### II.

**IT IS THEREFORE ORDERED** that, in connection with marketing and distributing computer software security products, the Defendants are temporarily restrained and enjoined from concealing or attempting to conceal their identities by, among other things:

A. Using any domain names that have been registered using false or incomplete information; and

B. Claiming that they place advertisements on behalf of, or otherwise represent, individuals or entities, unless they possess written authorization to represent such individuals or entities.

### SUSPENSION OF WEB SITES

### III.

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a preliminary injunction, any party hosting webpages or websites for any Defendant and any domain registrar who has provided domain name registration services for any Defendant shall:

8

A.    Immediately take whatever steps may be necessary to ensure that webpages or websites operated, in whole or in part, by the Defendants cannot be accessed by the public; and

B.    Prevent the destruction or erasure of the webpages or websites operated, in whole or in part, by the Defendants, preserving such documents in the format in which they are currently maintained, and prevent the destruction or erasure of all records relating to the Defendants.

## ASSET FREEZE

### IV.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendant are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are:  (1) owned or controlled by the IMI Defendants or Relief Defendant, in whole or in part, for the benefit of the IMI Defendants or Relief Defendant; (2) in the actual or constructive possession of the IMI Defendants or Relief Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any IMI Defendant or the Relief Defendant, including, but not limited to, any assets held by or for, or subject to access by, any of the IMI Defendants or the Relief Defendant, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B.    Opening or causing to be opened any safe deposit boxes titled in the name of any IMI Defendant or Relief Defendant, or subject to access by any of them;

C.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any IMI Defendant or the Relief Defendant;

D.      Obtaining a personal or secured loan titled in the name of any IMI Defendant or the Relief Defendant, or subject to access by any of them; and

E.      Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any IMI Defendant or the Relief Defendant.

*Provided, however*, that the assets affected by this Paragraph shall include: (1) all of the assets of any Corporate Defendant, Individual Defendant, or Relief Defendant existing as of the date this Order was entered; and (2) for assets obtained after the date this Order was entered, only those assets of any Corporate Defendant, Individual Defendant, or Relief Defendant that are derived from conduct prohibited in Paragraphs I and II.

## FINANCIAL REPORTS AND ACCOUNTING

### V.

**IT IS FURTHER ORDERED** that each Individual Defendant, the Relief Defendant, and each Corporate Defendant, within five (5) days of receiving notice of this Order, shall provide the Commission with completed financial statements, verified under oath and accurate as of the date of entry of this Order, on the forms attached to this Order as **Attachment A** for each Individual Defendant and Relief Defendant and **Attachment B** for each Corporate Defendant.

## RETENTION OF ASSETS AND RECORDS
## BY FINANCIAL INSTITUTIONS

### VI.

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a

10

copy of this Order that holds, controls, or maintains custody of any account or asset of any Corporate Defendant, Individual Defendant, or the Relief Defendant, or has held, controlled or maintained custody of any such account or asset at any time since the date of entry of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of the Court;

B. Deny any Defendant access to any safe deposit box that is:

1. titled in the name of any Corporate Defendant, Individual Defendant, or the Relief Defendant, individually or jointly; or

2. otherwise subject to access by any Corporate Defendant, Individual Defendant, or Relief Defendant;

C. Provide the Commission's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

1. the identification number of each such account or asset titled in the name, individually or jointly, of each Corporate Defendant, each Individual Defendant, and Relief Defendant, or held on behalf of, or for the benefit of each Corporate Defendant, each Individual Defendant, and Relief Defendant;

2. the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. the identification of any safe deposit box that is titled in the name, individually or

jointly, of each Corporate Defendant, each Individual Defendant, and the Relief

Defendant or is otherwise subject to access by a Corporate Defendant, an

Individual Defendant, or Relief Defendant; and

D. Upon request by the Commission, promptly provide the Commission with copies of all

records or other documentation pertaining to each such account or asset, including but not limited to

originals or copies of account applications, account statements, loan applications, signature cards,

checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or

slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution,

account custodian, or other aforementioned entity may arrange for the Commission to obtain copies of

any such records which the Commission seeks.

## FOREIGN ASSET ACCOUNTING

### VII.

**IT IS FURTHER ORDERED** that within five (5) business days of receiving notice of this

Order, each Corporate Defendant, each Individual Defendant, and Relief Defendant shall:

A. Provide the Commission with a full accounting, verified under oath and accurate as of the

date of this Order, of all funds, documents, and assets outside of the United States which are: (1) titled in

the name, individually or jointly, of any Corporate Defendant, Individual Defendant, or Relief

Defendant; or (2) held by any person or entity for the benefit of any Corporate Defendant, Individual

Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of

any Corporate Defendant, Individual Defendant, or Relief Defendant; and

B. Provide the Commission access to all records of accounts or assets of each Corporate

Defendant, Individual Defendant, and Relief Defendant held by financial institutions located outside the

territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C.**

## INTERFERENCE WITH THIS ORDER

### VIII.

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendant are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, including but not limited to:

A.  Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement; and

B.  Notifying any trustee, protector or other agent of any foreign trust or other related entities of the existence of this Order, or that an asset freeze is required pursuant to a Court Order, until such time that a full accounting has been provided pursuant to Paragraph VII of this Order.

## ACCESS TO BUSINESS RECORDS

### IX.

**IT IS FURTHER ORDERED** that the Corporate Defendants, the Individual Defendants, and the Relief Defendant shall allow the Commission's representatives, agents, and assistants access to the Corporate Defendants, Individual Defendants, and Relief Defendant's business records to inspect and copy documents so that the Commission may prepare for the preliminary injunction hearing and identify and locate assets.  Accordingly, the Corporate Defendants, Individual Defendants, and Relief Defendant shall, within forty-eight (48) hours of receiving notice of this Order, produce to the Commission and the Commission's representatives, agents, and assistants for inspection, inventory, and/or copying, at Federal Trade Commission, 600 Pennsylvania Avenue NW, Room H-288, Washington DC 20580, Attention:

Ethan Arenson, the following materials: (1) all customer information, including, but not limited to, names, phone numbers, addresses, email addresses, customer complaints, and payment information for all consumers who have purchased the IMI Defendants' software; (2) contracts; (3) correspondence, including, but not limited to, electronic correspondence and Instant Messenger communications, that refer or relate to the IMI Defendants' software products; (4) an electronic copy of all advertisements for the IMI Defendants' software, including, but not limited to, any advertisement that purports to scan or otherwise analyze the computer upon which it is displayed; (5) accounting information, including, but not limited to profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and 1099 forms; and (6) an electronic copy of each computer software product marketed by the IMI Defendants since 2002. *Provided, however,* this Paragraph excludes any record or other information pertaining to a subscriber or customer of an electronic communications service or a remote computing service as those terms are defined in the Electronic Communications Privacy Act, 18 U.S.C. § 2703(c).

The Commission shall return produced materials pursuant to this Paragraph within five (5) business days of completing said inventory and copying.

## EXPEDITED DISCOVERY

### X.

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A)-(C), and 31(a)(2)(A)-(C), the Commission is granted leave, at any time after entry of this Order to:

1.      Take the deposition of any person or entity, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of the Corporate Defendants, Individual Defendants and Relief Defendant; the location of any premises where the IMI Defendants, directly or through any third party, conduct business operations; and the Individual Defendants' whereabouts; and

2.      Demand the production of documents from any person or entity, whether or not a party, relating to the nature, status, and extent of the assets of the Corporate Defendants, Individual Defendants and Relief Defendant; the location of any premises where the IMI Defendants, directly or through any third party, conduct business operations; and the Individual Defendants' whereabouts.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for District of Maryland, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XX of this Order.

**PRESERVATION OF RECORDS**

**XI.**

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and

enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate to the business practices or business or personal finances of any of the Corporate Defendants, Individual Defendants, and Relief Defendant, including but not limited to, computerized files and storage media on which information has been saved (including, but not limited to, floppy disks, hard drives, CD-ROMS, zip disks, punch cards, magnetic tape, backup tapes, and computer chips), and any and all equipment needed to read any such material, contracts, accounting data, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet), FTP logs, Service Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of any of the Corporate Defendants, Individual Defendants, or Relief Defendant.

## IDENTIFICATION OF AFFILIATES

## XII.

**IT IS FURTHER ORDERED** that the Corporate Defendants and Individual Defendants shall, within five (5) days of notice of this Order, prepare and deliver to the Commission a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying by name, address, phone number, and any affiliate code of all affiliate marketers, sub-affiliate marketers, agents, vendors, hosting companies, employees, and contractors that have worked with the IMI Defendants in connection with the distribution of the IMI Defendants' computer security software products.

16

## IDENTIFICATION OF PRODUCTS AND WEB SITES

## XIII.

**IT IS FURTHER ORDERED** that the Corporate Defendants and the Individual Defendants shall, within five (5) days of notice of this Order, prepare and deliver to the Commission a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying: (1) the name of each computer security software product marketed and/or sold by the IMI Defendants since 2002; and (2) the URL and hosting facility for all websites associated with these products, including but not limited to any webpage controlled by the IMI Defendants that purports to scan consumers' computers for security or privacy threats.

## RECORD KEEPING/BUSINESS OPERATIONS

## XIV.

**IT IS FURTHER ORDERED** that the IMI Defendants are hereby temporarily restrained and enjoined from:

A.    Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B.    Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

17

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XV.

**IT IS FURTHER ORDERED** that the IMI Defendants shall immediately provide a copy of this Order to each affiliate marketer, sub-affiliate marketer, affiliate, subsidiary, hosting company, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, and spouse of each Individual Defendant, each Corporate Defendant, and Relief Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that the Individual Defendants, the Corporate Defendants, and the Relief Defendant have complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## SERVICE OF ORDER

### XVI.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents of any Individual Defendant, Corporate Defendant, or Relief Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

### XVII.

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning each Corporate Defendant, each Individual Defendant, and the Relief Defendant to the Commission.

## DURATION OF TEMPORARY RESTRAINING ORDER

## XVIII.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _December 12_, 2008 at _6:15 p.m._ m., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## ORDER TO SHOW CAUSE REGARDING
## PRELIMINARY INJUNCTION

## XIX.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that each Individual Defendant, each Corporate Defendant and the Relief Defendant shall appear before this Court on the _12th_ day of _December_, 2008, at _3:30_ o'clock _p_ .m., to show cause, if there is in Courtroom 5D any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against the Defendants, enjoining them from further violations of Section 5(a) of the Federal Trade Commission Act, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

## XX.

**IT IS FURTHER ORDERED** that the Individual Defendants, Corporate Defendants and Relief Defendant shall file with the Court and serve on the Commission's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on the Commission's request for a preliminary injunction. The Commission may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and

19

serve the same on counsel for Defendants no later than one (1) business day prior to the preliminary

injunction hearing in this matter. Provided that service shall be performed by personal or overnight

delivery, facsimile or electronic mail, and documents shall be delivered so that they shall be received by

the other parties no later than 4:00 p.m. (Eastern Standard Time) on the appropriate dates listed in this

Paragraph.

## MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

### XXI.

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary

injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during

the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda

filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this

Court or on motion filed with the Court and served on counsel for the other parties at least three (3)

business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the

name, address, and telephone number of each proposed witness, a detailed summary or affidavit

revealing the substance of each proposed witness's expected testimony, and an explanation of why the

taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present

live testimony or to present live testimony in response to another party's timely motion to present live

testimony shall be filed with this Court and served on the other parties at least two (2) business days prior

to the preliminary injunction hearing in this matter, *provided* that service shall be performed by personal

or overnight delivery, facsimile or electronic mail, and documents shall be delivered so that they shall be

received by the other parties no later than 4:00 p.m. (Eastern Standard Time) on the appropriate dates

provided in this Paragraph.

20

## SERVICE UPON THE COMMISSION

## XXII.

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related to this Order, service on the Commission shall be performed by overnight mail delivery to the attention of Ethan Arenson at the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-288, Washington, DC 20580.

## RETENTION OF JURISDICTION

## XXIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes. No security is required of any agency of the United States for the issuance of a restraining order. Fed. R. Civ. P. 65(c).

SO ORDERED, this _2nd_ day of _December_, 2008, at _6:15 p.m._.m.

_Benson Everett Legg_
UNITED STATES DISTRICT JUDGE

21