December 16, 2008

US DISTRICT COURT
Northern District of Maryland

Re: **Federal Trade Commission v. Innovative Marketing, Inc., et al.,**
Civil No. RDB 08 CV 3233 (D. Md. 2008)

**Response on Preliminary Injunction order / Order to Show Cause**

To Whom it May Concern:

I present the following facts as a reason to show why myself (James Reno), as well as ByteHosting Internet Services, LLC should not be held in contempt of court as a result of of failing to appear:

(1) I am 25 yrs old, I am not currently represented in this matter and I am not able to retain counsel due to all funds being unavailable as a result of them being frozen. As a result of my inability to obtain counsel I am not able to defend myself in this matter.

(2) As a result of the press on this case I am likely to be forced to shut down a business that I have ran since 1997.

(3) I co-operated with the Northern District of California and testified in a grand jury that to my knowledge resulted in a criminal complaint against at least one defendant named in this case.

(4) I am not and never have been an Executive of Innovative Marketing. Inc.

(5) ByteHosting Internet Services, LLC is run exclusively by myself and I am the sole member/owner/agent of ByteHosting. As attachment 'A' I am providing a copy of Bytehosting's Operating Agreement.

(6) Innovative Marketing has no operational or financial control over ByteHosting Internet Services, LLC and they never have. ByteHosting was always a contractor of Innovative Marketing and ByteHosting was never an 'office' or an 'affiliate' of Innovative Marketing. ByteHosting operated independently of Innovative Marketing.

(7) ByteHosting operated under two agreements with Innovative Marketing to provide various services that we also marketed and provided to other customers. I am attaching a copy of our Network Management contract with Innovative as attachment 'B'.

1. We did operate a callcenter for Innovative Marketing that provided:

    a) Technical Support for Customers – Customers would call in and we would provide support to Innovative customers based upon training documentation and procedures put together and provided to us.

    b) Telephone numbers to Innovative Marketing – some of which rang directly to Innovative Marketing and did not reach our callcenter.

    c) Backup routing and redundancy for the telephone numbers that we provided to allow for call-overflow to other callcenters hired by Innovative Marketing in the event that all of our callcenter agents were busy.

2. We provided Network Infrastructure Management that:

    a) **Included:**

        1. General Technical support for Linux/FreeBSD Operating System problems, Operating System Configuration and Installation. Installation of MySQL databases and tuning of these database.

        2. Configuration and tuning of system resources (memory, swap, webserver configuration, ect.), building of clusters to support requests more-so than a single server could handle, and monitoring of response time of said systems.

    b) **Did not include:**

        1. Website Design, design of marketing or promotional materials or hosting of said content.

    c) **The services we provided where in comparison to the following:**

        1. A printer/copier repair man – we would install device, explain how to use it, and then wait for it to break at which point we would fix the problem and return equipment back to service.

        2. A television manufacturer – We would build a cluster of equipment that would perform a task such as a webserver or database server and then provide the equipment to the customer. After we provide the equipment to the customer, what the customer watches on their equipment we do not know.

(8) As of October 24th, 2008 we have ceased operations with Innovative Marketing, Inc. Innovative Marketing contacted us around October 20th, 2008 and canceled their contract with our company. This cancellation resulted in a breach of contract that forced us to lay off the majority of our employees.

(9) I was unable to be present in court on December 12, 2008 and was unable to respond to the demands of the Temporary Restraining Order (TRO) because:

1. All of my assets are frozen – as a result, I have no means to provide transportation from Cincinnati, Ohio – my place of business as well as my personal residence city to Maryland.

2. I am a small business operating in Ohio – I have limited resources available to me to collect and prepare all of the resources and documentation requested by the TRO. My records were prepared by an In-house book keeper who is no longer on staff as a result of Innovative Marketing's breach of contract and as such has not been readily available to me to help produce the required documents.

3. I do not operate and never have operated or exerted any control on Innovative Marketing, Inc. as such:

    a) I do not know who Innovative Marketings Affiliates are or who their sub-affiliates are.

    b) I can not produce a complete list of products produced, marketed, or advertised by Innovative Marking, Inc. because I have no personal knowledge of Innovative Marketing's that would allow me to produce such a list.

4. In November of this year the FBI executed a search warrant on my company and removed a substantial amount of paperwork & equipment from our premises. As a result of the search we do not have access to many of our business records.

5. Our communications with Innovative occurred on Innovatives internal systems. As a result of the breach of contract and termination of contract we do not have access to these communications. Innovative has removed our access to their systems.

6. I am unable to serve the TRO upon the other defendants because I do know where to service and have no personal knowledge whom I could serve.

7. I am not attempting to hide from the court or be unreachable in any way.

8. I have not left and will not leave my principal place of business or my hometown and have no plans to do so in any way unless required to do so as a result of the courts requirements. Cincinnati Ohio is my place of birth, the city where I was raised, my hometown, and where I have conducted business.

9. I am trying my best with the resources available to me to respond to the courts requests the best that I can and attempting to comply fully with the courts orders.

(10) With the resources available to me I have attempted to comply with the TRO by filling out and providing financial disclosures to the FTC.

In order to defend myself and to properly and promptly respond to the courts orders I am requesting that:

(1) That I be allowed to withdraw $200 USD or a greater reasonable amount for general living expenses such as food and local day-to-day transportation costs until my funds are completely unfroze by the courts or another request is made.

(2) $50000 USD fifty-thousand be released from the freeze, solely as a retainer fee, so that I may retain counsel. Without the release of these funds I am not able to retain counsel and I am unable to defend myself in this case. I have contacted numerous attorneys in the district and they have all told me that due to the nature of this case they can not represent me without such a retainer. If required I can provide a list of attorney's that I contacted as well as those who have offered to assist in my defense to show reason of this specific amount.

(3) That reasonable amounts be unfrozen, when required, to provide transportation to and from Maryland when the court so requires.

(4) If the court deems what I have done is insufficient to meet the requirements of the court I request a reasonable amount of time to complete any further tasks that the court requests.

I am submitting this response on the morning of December 17th. I am not aware if there is a filing fee associated with the filing. If there is a filing fee, as this court is aware, I would be unable to pay it as a result of the Temporary Restraining Order in this case.

Regards,

/s/ *[signature]*

James Reno
On behalf of himself individually, and     President/CEO of ByteHosting Internet Services, LLC
3844 Golden Meadow Court                   3864 McMann Road, STE A
Amelia, OH 45102                           Cincinnati, OH 45245

December 16, 2008

US DISTRICT COURT
Northern District of Maryland
Clerk of Courts / Judge Bennett

Re: **Federal Trade Commission v. Innovative Marketing, Inc., et al.,**
Civil No. RDB 08 CV 3233 (D. Md. 2008)

**Certificate of Service**
Response on Preliminary Injunction order / Order to Show Cause

To Whom it May Concern:

My name is James Reno, I mailed this response to the plaintiffs attorney via United States Postal Service mail on December 17th 2008.

Regards,

/s/ *[signature]*

James Reno
on Behalf of Himself, and
3844 Golden Meadow Court
Amelia OH 45102
+1.513-460-2777

ByteHosting Internet Services, LLC
3864 McMann Road STE A
Cincinnati OH 45245
+1.513-460-2777