UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Federal Trade Commission, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-3233 (RDB) |
| ) | |
| Innovative Marketing, Inc., et al. ) | |
| ) | |
| Defendants ) | |
| ) | |
| AND ) | |
| ) | |
| Maurice D'Souza ) | |
| ) | |
| Relief Defendant. ) | |
| ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

Come now, Sam Jain and Kristy Ross, defendants, and respectfully submit this joint response to the Court's December 12, 2008, Order to Show Cause. Mr. Jain and Ms. Ross, as stated below, respectfully request the Court vacate the Order to Show Cause and decline to hold defendants in contempt. Provided defendants Jain and Ross agree to fully comply with the terms of the Temporary Restraining Order and Preliminary Injunction by December 23, 2008, pursuant to the Agreement below, the FTC does not oppose postponing a ruling on the Order to Show Cause until a future date to be determined if necessary, in which case the FTC will so notify the Court.

## INTRODUCTION

The FTC sued Mr. Jain and Ms. Ross and other defendants on December 2, 2008, and thereafter sought and obtained an *ex parte* Temporary Restraining Order ("TRO"), Preliminary

1

Injunction, and an Order to Show Cause why Mr. Jain, Ms. Ross, and other defendants should not be held in civil contempt for failing to comply with the TRO.

Mr. Jain and Ms. Ross contend that they were not served with the Complaint, and were therefore not subject to the personal jurisdiction of the Court as of December 12, 2008, the date of the hearing on the Preliminary Injunction. The FTC contends that Mr. Jain was properly served, and contends that both Mr. Jain and Ms. Ross had actual notice of the requirements of the TRO. Having not been served with the Complaint, an appearance on December 12 by Mr. Jain or Ms. Ross would have waived their rights to object to personal jurisdiction and effective service of process. Since December 12, however, Mr. Jain and Ms. Ross have agreed to waive their rights to service, consent to the personal jurisdiction of the Court, and proceed with the litigation.

Below, is a brief statement of Mr. Jain's and Ms. Ross's positions on these legal issues. Defendants recognize that should the Court grant the relief requested herein, these issues will be moot. Therefore, they are set out in summary form to provide the Court with the legal basis upon which they based their earlier decisions.

## POSITION STATEMENT

The FTC's TRO and Preliminary Injunction presented Mr. Jain and Ms. Ross with a paradox. Had they appeared to contest the December 12 preliminary injunction, they would have likely waived any objection to their right to effective service of process and personal jurisdiction. *Wyrough & Loser, Inc. v. Pelmor Labs, Inc.* 376 F.2d 543, 547 (3rd Cir. 1967) (holding that defendant who participated in adjudication of plaintiff's application for preliminary injunction without challenging the lack of personal jurisdiction had submitted to jurisdiction). Accordingly,

they chose instead to seek legal counsel and negotiate for a modification of the injunction with the FTC. Having done so, they now submit to this Court's jurisdiction.

**Defendants Maintain That Plaintiff Failed To Serve Mr. Jain and Ms. Ross And That Consequently, Before Consent To Service And Personal Jurisdiction By The Instant Filing, The Court Was Without Personal Jurisdiction.**

### A.     Personal Jurisdiction Is Required.

"The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). Specifically, the Due Process Clause "precludes courts from adjudicating in personam the rights or obligations of persons in the absence of personal jurisdiction." *See R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943, 957 (4th Cir. 1999). The Fourth Circuit, citing Rule 65 of the Federal Rules of Civil Procedure, explained that "[i]njunctive relief, by its very nature" is in personam relief and, therefore, a party cannot obtain injunctive relief without obtaining personal jurisdiction through established process. *Id.* ("Consequently, a party cannot obtain injunctive relief against another without first obtaining in personam jurisdiction over that person or someone in legal privity with that person.").

Without personal jurisdiction, Mr. Jain and Ms. Ross, respectfully maintain that the Court lacked the power to bind them. *See Lathrop v. Unidentified, Wrecked & Abandoned Vessel,* 817 F. Supp. 953, 961 (M.D. Fla. 1993). This necessity of having personal jurisdiction before an injunction will have effect has been expressed by the U.S. Supreme Court and several other federal courts. *See Hitchman Coal & Coke Co. v. Mitchell,* 245 U.S. 229, 234-235 (1916) (holding that the district court erred in granting an injunction against officers of a labor union who had not been served with process or waived service); *see also, e.g., In re Rationis*

3

*Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Enterprise Int'l, Inc.*, 762 F.2d at 470 ("[A]n order granting an interlocutory injunction in these circumstances [absent personal jurisdiction due to insufficient service of process] 'is erroneous as a matter of law.'"); *SEC v. Capital Growth Co.*, 391 F. Supp. 593, 600 (S.D.N.Y. 1974) ("We disagree with the SEC's contention upon oral argument, however, that it is unnecessary to have personal jurisdiction over the defendants for entry of a preliminary injunction. If this court lacked personal jurisdiction over these defendants, then the injunction would be void as to them.").

Where personal jurisdictional is lacking, Rule 65 does not confer personal jurisdiction. *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980) ("Of paramount significance here, however, rule 65, supra, does not confer either subject matter or personal jurisdiction on the court."); *Enterprise Int'l, Inc.*, 762 F.2d at 470 ("Because Rule 65 confers no jurisdiction, the district court must have both subject matter jurisdiction and 'in personam jurisdiction over the party against whom the injunction runs,' and, when that party is the defendant, this 'implies either voluntary appearance by him or effective service of process.'"). Instead, Rule 65 governs only "the method of seeking and obtaining any sort of an injunction." *Citizens Concerned for Separation of Church and State*, 628 F.2d at 1299 (citing 2 Moore's Federal Practice s 65.03(1)). Rule 65 "has no relationship to or bearing on either the jurisdiction to exercise or the propriety of exercising the injunctive power." *Id.* Complying with Rule 65 simply cannot confer personal jurisdiction. *Id.*

Similarly, notice of an injunction entered pursuant to Rule 65 does not establish personal jurisdiction. *See R.M.S. Titanic, Inc.*, 171 F. 3d at 958 (noting that the defendant received

4

"notice of the motion's pendency" and holding that the informal notice was not sufficient to create personal jurisdiction which would permit an injunction to bind the party); *Heyman v. Kline*, 444 F.2d 65 (2d Cir.1971) (holding that where the defendant's wife was named in the order, but was never served with process, she was not bound by the order). Instead, personal jurisdiction is required before a court has the power to bind a party to an injunction.[1]

**B.    Defendants Maintain That The FTC Never Served Mr. Jain and Ms. Ross.**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (internal citations omitted). The Supreme Court has long-rejected the argument that notice alone is enough to establish personal jurisdiction, explaining that the methods to establish personal jurisdiction are set out in Rule 4 of the Federal Rules of Civil Procedure. *Id.* (noting that "more than notice to the defendant" and a relationship to the forum is required).

Rule 4 of the Federal Rules of Civil Procedure specifies the methods of service that will establish personal jurisdiction. *See* Fed. R. Civ. P. 4(k) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . ."). The FTC has not asserted that it served Ms. Ross under any of those provisions. The FTC does maintain that Mr. Jain was served under Rule 4, to which he respectfully disagrees. Prior to the FTC's filing its motion for the Order to Show Cause, it was presented with sworn declarations and legal authority indicating that service had not been effected on Mr. Jain. But, in any event, should the Court grant the relief sought herein, the issue as to whether Mr. Jain was properly served is moot.

---

[1] The FTC has represented to the undersigned that it disputes the defendants' contention that this Court did not have personal jurisdiction to enter the preliminary injunction and, citing *Corrigan Dispatch Co. v. Casa Guzman*, 569 F.2d 300, 302 (5th Cir. 1978), contends that notice, as opposed to formal service, is the relevant issue. The FTC requests the opportunity to fully brief this issue, should the Court so request.

## AGREEMENT OF THE PARTIES

As stated above, Mr. Jain and Ms. Ross hereby agree to appear in this action, waive their right to service of process, and consent to this Court's personal jurisdiction. Furthermore, Mr. Jain and Ms. Ross agree, that to the extent, if any, they are not already in compliance, to be in compliance with the TRO and preliminary injunction by December 23, 2008, at 4:00 pm EST, notwithstanding the exceptions below. This agreement, however, does not preclude the parties from negotiating a modification to the asset freeze order contained within the Preliminary Injunction, while of course seeking the authorization of the Court to every extent necessary. Furthermore, this agreement does not waive or preclude any of the defendants from asserting any constitutional or other rights that they may have with respect to enforcement of the Preliminary Injunction. The FTC has indicated to counsel for Mr. Jain and Ms. Ross that it does not oppose postponing a ruling on the Order to Show Cause until a future date to be determined if necessary, in which case the FTC will so notify the Court.

## CONCLUSION

For the reasons stated above, Defendants Sam Jain and Kristy Ross respectfully request that the Court vacate the December 12, 2008, Order to Show Cause.

Dated: December 17, 2008						PATTON BOGGS LLP
								Attorneys for Defendant, Sam Jain

								/s/
								―――――――――――
								Edward Wisneski (Bar #23618)
								Robert D. Luskin
								Benjamin D. Wood
								PATTON BOGGS LLP
								2550 M Street, NW
								Washington, DC 20037
								Telephone: (202) 457-6000
								Facsimile: (202) 457-6315
								ewisneski@pattonboggs.com
								rluskin@pattonboggs.com
								bwood@pattonboggs.com

								WINSTON & STRAWN LLP
								Attorneys for Defendant, Kristy Ross

								/s/
								―――――――――――
								Dan K. Webb
								Thomas L. Kirsch II
								Justin E. Endres
								WINSTON & STRAWN LLP
								35 West Wacker Drive
								Chicago, IL  60601
								Telephone:  (312) 558-5600
								Facsimile:  (312) 558-5700
								dwebb@winston.com
								tkirsch@winston.com
								jendres@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

Dated: December 17, 2008                    /s/
                                            _____
                                            Edward Wisneski

CHI:2196016.2