**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Federal Trade Commission** <br><br> **Plaintiff,** <br><br> v. <br><br> **Innovative Marketing, Inc.,** *et al.* <br><br> **Defendants,** <br><br> AND <br><br> **Maurice D'Souza** <br><br> **Relief Defendant.** | **CIVIL NO. RDB 08-CV-3233** |

**PLAINTIFF'S MEMORANDUM REGARDING THE APPROPRIATE CONTEMPT**
**SANCTION AS TO DEFENDANT INNOVATIVE MARKETING, INC.**

On December 12, 2008, Plaintiff, Federal Trade Commission ("the Commission" or "FTC"),

moved the Court to enter an order to show cause why Defendants Sam Jain, Kristy Ross, James Reno,

ByteHosting Internet Services, LLC ("ByteHosting"), Marc D'Souza, and Innovative Marketing, Inc.

("Innovative Marketing") should not be held in contempt of court.  At the December 12, 2008,

Preliminary Injunction hearing in this matter, the Court also heard the FTC's argument as to why these

specific Defendants should be held in contempt.  The Court granted the FTC's motion and ordered, in

relevant part, that Defendant Innovative marketing "shall, within five (5) days of entry of this Order,

submit to this Court all evidence, if any, demonstrating why [it] should not be held in contempt of court

for failure to comply with the Temporary Restraining Order entered by this Court on December 2,

2008."  December 12, 2008, Order to Show Cause (D.E. 18).  Defendant Innovative Marketing has yet

to comply with the Court's Order to Show Cause.

The Court's inherent power to protect its integrity and prevent abuses of the judicial process vests it with the power to find a party in civil contempt for violating court orders. Civil contempt serves to coerce compliance with court orders or to compensate a complainant for losses sustained by a defendant's noncompliance. See United States v. Darwin Constr. Co., 873 F.2d 750 (4th Cir. 1989) (affirming imposition of a civil contempt fine of $5,000 per day excluding business holidays on a defendant corporation that asserted the fifth amendment as its basis for noncompliance); Buffington v. Baltimore County, 913 F. 2d 113, 133-34 (4th Cir. 1990) (explaining at length the differences between criminal and civil contempt). "A conditional penalty is civil because it is specifically designed to compel the doing of some act." Hicks v. Feiok, 485 U.S. 624, 633 (1988). Moreover, sanctions imposed based on civil contempt are avoidable through obedience. See United States Department of Energy v. Ohio, 503 U.S. 607, 621-22 (1992).

Because Defendant Innovative Marketing is in contempt of this Court's order, the FTC respectfully requests that this court enter a per diem fine against it until such time as it purges itself of its civil contempt. Defendant Innovative Marketing in no way complied with this Court's Temporary Restraining Order and has made no attempt to show why it should not be held in contempt. To incentivize Defendant Innovative Marketing to comply with the Court's order, the FTC requests that the Court hold Defendant Innovative Marketing in civil contempt and order it to pay at least $8,000 per day into the Court's registry. See Darwin Constr. Co., 873 F.2d at 753 (imposing a $5,000 per diem civil contempt fine in a 1988 District Court of Maryland case); CFTC v. Lake Shore Asset Mgmt. Ltd., No. 07 C 3598, 2007 WL 4365365, *11 (N.D. Ill. Dec. 10, 2007) (imposing a $25,000 per diem fine against

defendant held in civil contempt).  In 1988, Judge Young of this District imposed, and the Fourth

Circuit affirmed (with the exclusion of business holidays), a per diem civil contempt fine of $5,000 for

each day that a contemnor remained in contempt of court.  Darwin Constr. Co., 873 F.2d at 753.  In

present day dollars, this fine amounts to more than $8,900/day.[1]  Accordingly, the FTC contends that a

minimum per diem fine of $8,000 should be imposed against Defendant Innovative Marketing until it

purges itself of its civil contempt.  Such a fine would be coercive in nature and conditioned upon

Defendant Innovative Marketing's refusal to comply with the affirmative obligations of the Temporary

Restraining Order that remain in effect via the Preliminary Injunction.  Defendant Innovative Marketing

remains free to cure its contempt by complying with the Temporary Restraining Order and thereby

avoid monetary sanctions.

Defendant Innovative Marketing continues to wilfully ignore a lawful order of this Court and

failed to comply with the Court's Order to Show Cause.  For these reasons, the FTC respectfully

requests that the Court hold Defendant Innovative Marketing in civil contempt of this Court.  The FTC

requests that the Court fine Defendant Innovative Marketing no less than $8,000 per day for each and

every day that Defendant Innovative Marketing fails to comply with the Court's Order to Show Cause

---

[1] This calculation is based on the use of an inflation calculator provided by the United
States government at http://data.bls.gov/cgi-bin/cpicalc.pl.

and the Temporary Restraining Order, with the funds to be paid on a weekly basis into the Court's

registry and released from the Court's registry to the FTC upon order of the Court.

Dated: December 18, 2008

                                    Respectfully submitted:

                                    WILLIAM BLUMENTHAL
                                    General Counsel

                                    /s/ Ethan Arenson
                                    Ethan Arenson DC # 473296 (earenson@ftc.gov)
                                    Colleen B. Robbins, NY# 2882710 (crobbins@ftc.gov)
                                    Carmen J. Christopher, DC # 499917 (cchristopher@ftc.gov)
                                    Federal Trade Commission
                                    600 Pennsylvania Ave., NW, Room 288
                                    Washington, D.C. 20580
                                    (202) 326-2204 (Arenson); (202) 326-2548 (Robbins);
                                    (202) 326-3643 (Christopher)
                                    (202) 326-3395 FACSIMILE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Federal Trade Commission** | |
| **Plaintiff,** | **CIVIL NO. RDB 08-CV-3233** |
| v. | |
| **Innovative Marketing, Inc.,** *et al.* | |
| **Defendants,** | |
| **AND** | |
| **Maurice D'Souza** | |
| **Relief Defendant.** | |

**ORDER HOLDING DEFENDANT INNOVATIVE MARKETING, INC.,**
**IN CONTEMPT OF COURT**

Upon consideration of the FTC's Motion for an Order to Show Cause Why Defendants Sam Jain,

Kristy Ross, James Reno, ByteHosting Internet Services, Marc D'Souza and Innovative Marketing, Inc.,

Should Not Be Held In Contempt of Court, it is this _____ day of December, 2008, hereby

**ORDERED**, that Defendant Innovative Marketing, Inc., is in civil contempt of court and shall be

fined $_____ per day for each and every day that Defendant Innovative Marketing, Inc.,

fails to comply with the Temporary Restraining Order entered by this Court on December 2, 2008.

Defendant Innovative Marketing, Inc. shall pay the per diem fine on a weekly basis into the Court's

registry with such payment to be made into the registry on the Friday of each week (or the next business

day in the event the Court is closed), with the first such payment due on Monday, December 29, 2008,

and with such payment to cover the fine imposed for each day of that week that Defendant Innovative

5

Marketing, Inc. remains in contempt of Court.  The funds shall be released from the Court's registry to

the Federal Trade Commission upon order of the Court.


_____
Richard D. Bennett
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2008, I caused a true and correct copy of the foregoing

PLAINTIFF'S MEMORANDUM REGARDING THE APPROPRIATE CONTEMPT SANCTION AS
TO DEFENDANT INNOVATIVE MARKETING, INC.

upon all counsel of record in this case via the Court's electronic filing system, and via electronic mail

and overnight delivery  upon:

Melvin D. Honowitz
Sideman & Bancroft LLP
One Embarcadero Center, Eighth Floor
San Francisco, CA 94111
mhonowitz@sideman.com

and by US Mail, postage prepaid upon

James Reno
ByteHosting Internet Services, LLC
3844 Golden Meadow Court
Amelia, OH 45102

/s/ Ethan Arenson