UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Ethan Arenson  
Attorney  
Division of Marketing Practices

Direct Dial 202-326-2204  
Fax 202-326-3395  
E-mail earenson@ftc.gov

January 13, 2008

*Via Electronic Mail*

Robert Luskin, Esq.
Benjamin Wood, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037-1350

Thomas L. Kirsch
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

      Re:    FTC v. Innovative Marketing, Inc. et al.
                  RDB 08-CV-3233 (D. Md. 2008)

Dear Counsel:

      This letter supplements the FTC's response to Mr. Luskin's letter dated December 23, 2008, in which Mr. Luskin informed the FTC that his client, Sam Jain, will not be complying with Paragraphs V, VII, IX, XII, XIII, XIV, XV of the Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") because to do so would incriminate Mr. Jain. Although Mr. Kirsch's client, Kristy Ross, is not mentioned in the December 23rd letter, Mr. Kirsh has indicated that he plans to adopt the same arguments on behalf of his client. Thus, although this letter refers exclusively to Mr. Jain (who is the only party to formally raise Fifth Amendment objections), the arguments within apply equally to Ms. Ross, to the extent she is adopting Mr. Jain's objections as a justification for non-compliance with the TRO and PI.

      I.    The Fifth Amendment Objections In The December 23rd Letter Are Improper

      The sweeping Fifth Amendment objections contained within the December 23rd letter do not comport with well-settled case law establishing how Fifth Amendment objections must be raised. A defendant wishing to invoke the Fifth Amendment may not simply issue a blanket refusal to answer all questions. See North River Ins. Co. v. Stefanou, 831 F.2d 484, 486-7 (4th Cir. 1987). Rather, the Fifth Amendment must be asserted on a question-by-question basis so that the Court may determine the validity of Mr. Jain's objections as to each question asked of him. Id. Accordingly, Mr. Jain's blanket refusal to provide the information demanded of him in the TRO and PI is improper and should be withdrawn.

Messrs. Luskin, Wood and Kirsch
Page 2

    II.    The December 23rd Letter Ignores Jain's Duty To Produce Information On Behalf Of Innovative Marketing, Inc.

Missing entirely from the December 23rd letter is any discussion of Jain's duty to provide information on behalf of Innovative Marketing, Inc. ("IMI"), an incorporated entity with no Fifth Amendment rights. As the CEO of IMI, Jain is responsible for ensuring that IMI fully complies with the provisions of the TRO and PI, including the requirements that corporate records be produced to the FTC, and that the Financial Statement of Corporate Defendant attached to the TRO be completed.[1] Even if fulfilling these requirements would serve to incriminate Jain, he enjoys no protection under the Fifth Amendment. See Braswell v. United States, 487 U.S. 99, 117-118 (1988); Bellis v. United States, 417 U.S. 85, 88 (1974).

Jain's refusal to bring IMI into compliance with the TRO and PI is contumacious conduct that is impeding the FTC's efforts to redress the massive consumer harm wrought by the defendants in this matter. If Mr. Jain persists in ignoring his obligations under the TRO and PI, the FTC will request that the Court hold him in civil contempt and incarcerate him into such time as he complies with the Court's orders. While the proper contempt sanction is a question for the Court, Mr. Jain should harbor no illusions about the gravity of this matter. See SEC v. Dunlap, 253 F.3d 768, 776 (4th Cir. 2001) (upholding an incarceration order entered against a defendant held in civil contempt for engaging in conduct identical to Mr. Jain's.)

    III.    Mr. Jain's Sixth Amendment Argument Is Frivolous And, In Any Event, Properly Directed to the Court

Contrary to the arguments in the December 23rd letter, Mr. Jain has no constitutional right to use the proceeds of his fraud to hire defense counsel of his choosing. See SEC v. Quinn, 997 F.2d 287, 289 (7th Cir. 1993) ("Just as a bank robber cannot use the loot to wage the best defense money can buy, so a swindler . . . cannot use the victim's assets to hire counsel who will help him retain the gleanings of crime.") Nonetheless, if Mr. Jain believes that the PI infringes upon his constitutional rights, he is free to petition the Court for relief from the asset freeze.

---

[1] The argument applies equally to Kristy Ross, who is an officer of IMI.

Messrs. Luskin, Wood and Kirsch
Page 3

      The FTC cannot permit Mr. Jain and Ms. Ross to continue to ignore the requirements of the TRO and PI. Accordingly, if Mr. Jain and Ms. Ross are not in full compliance with the TRO and PI by Friday, January 16, 2008, the FTC will move to hold them in contempt of court. If you wish to discuss this matter further, please do not hesitate to contact me or my co-counsel, Colleen Robbins or Carmen Christopher.

Sincerely,

Ethan Arenson

cc:    Colleen Robbins
       Carmen Christopher