

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 05 2003



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | ) | CIVIL ACTION NO. 3:01CV00116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY L. DOWDELL, both individually and d/b/a "T.L. Dowdell & Associates," BIRGIT MECHLENBURG, KENNETH MASON, DOWDELL, DUTCHER & ASSOCIATES, INC., VAVASSEUR CORPORATION, EMERGED MARKET SECURITIES, DE-LLC, and DANIEL DEROUARD, | ) | ORDER |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MARY DOWDELL, MARCIA DOWDELL, ADAM DOWDELL, WENDY DOWDELL, DAVID DOWDELL, TERRY DOWDELL, JR., NONA PIERCE, CYNTHIA PIERCE, STEPHEN PIERCE, WILLOWOOD DESIGNS CORP., and AUTHORIZED AUTO SERVICE, INC., | ) | |
| | ) | |
| Relief Defendants. | ) | JUDGE JAMES H. MICHAEL, JR. |

On February 5, 2003, the court held a hearing on an order to show cause why Terry L. Dowdell, Gregory Smyth, Mark Smyth, Rebecca Dowdell, Mary Dowdell and Authorized Auto Service, Inc. should not be adjudicated to be in civil contempt for allegedly violating the November 19, 2001 *ex parte* temporary restraining order (TRO) as adopted by subsequent court orders. In his consent and stipulation, which was filed and executed in open court on February

392

5, 2003, Terry L. Dowdell admitted to the Receiver's allegations of contempt. The court, therefore, found Terry L. Dowdell in civil contempt for failing and refusing to obey the court's Orders dated November 19, 2001, November 28, 2001, December 7, 2001, February 27, 2002, and June 4, 2002 requiring that no person, directly or indirectly, transfer, sell, assign, pledge, dissipate, conceal or otherwise dispose of funds, assets or other property belonging to, or in the possession, custody or control of, the parties in this litigation known as the "Vavasseur Defendants."

In considering what should be the appropriate sanction for prior findings of contempt of court, the court has considered various remedies, including those contained in the submissions of the parties. The court has concluded that incarceration is both legally warranted and contextually appropriate as a coercive civil sanction against Dowdell under the circumstances present in this case.

Courts recognize that civil contempt is "wholly remedial" and is intended to coerce compliance with an order of the court. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Courts have broad discretion in fashioning remedies for instances of civil contempt. *Matter of Dickison*, 763 F.2d 84, 87 (2d Cir. 1985). The court's most powerful remedy is to incarcerate the contemnor until he purges himself of the contempt. "The justification for coercive imprisonment as applied to civil contempt depends upon the ability of the contemnor to comply with the court's order." *Shillitani v. United States*, 384 U.S. 364, 371 (1966). Even more, it is well settled that the court may impose incarceration as a coercive civil sanction where, as here, a defendant has violated a court's asset freeze order. *See, e.g., S.E.C. v. Princeton*

*Economic International, Ltd.*, 152 F.Supp.2d 456 (S.D.N.Y. 2001) (upholding civil confinement for failure to purge).

A person may purge himself of civil contempt because civil contempt proceedings are intended "to coerce the contemnor into compliance with the court orders." *Buffington v. Baltimore County*, 913 F.2d 113, 133 (4th Cir. 1990), *cert. denied* 499 U.S. 906 (1991). Once a person complies with the court order, the civil contempt sanction is no longer necessary to force compliance. It is worth noting, however, that having been found in contempt, the burden is now on defendant Dowdell to prove impossibility of compliance or that confinement is not coercive.

Even more, the Supreme Court expressly held that a defendant cannot assert inability to comply with a court order, while at the same time refusing to answer any further questions on the issue through the invocation of his Fifth Amendment privilege. *United States v. Rylander*, 460 U.S. 752, 758 (1983); *see also United States v. Butler*, 211 F.3d 826 (4th Cir. 2000) (following reasoning in *Rylander*). *Rylander*, then, tells us that Dowdell, by asserting his Fifth Amendment privilege, has waived any argument he may have as to inability to comply with the court's repatriation and freeze orders, or to purge himself of the contempt.

It is true that Dowdell faced a dilemma, he had either to comply with the court's orders or be sanctioned for civil contempt. It is worthy of note, however, that even if Dowdell made the difficult choice to testify at the show cause hearing without invoking his Fifth Amendment right rather than be incarcerated for civil contempt, the severity of the dilemma would not have transformed his testimony at the contempt proceeding into "compelled" testimony for purposes

3

of the Fifth Amendment. *Rylander*, 460 U.S. at 758.

Dowdell has continuously played marbles on the coattails of the court. There can be no reasonable assurances by Dowdell at this time that he will not continue to violate this court's orders if given the opportunity or that he is unable to purge his contempt. Similarly, Dowdell's assertion that he no longer has access to Vavasseur investor funds is rendered hollow by his demonstrated prior access to such funds.

For the aforementioned reasons, and for the reasons articulated by the court during the February 5, 2003 hearing, it is this day

## ADJUDGED, ORDERED AND DECREED

that defendant Dowdell be committed to the custody of the United States Marshal's Service until such time that he fully and completely purges himself of contempt by repatriating and disgorging all Vavasseur funds and by telling the SEC and the Receiver where all Vavasseur overseas funds are located and how such funds may be obtained by the Receiver. Upon his compliance, defendant Dowdell shall be released from jail.

The Clerk of the Court hereby is directed to send a certified copy of this Order to Magistrate Judge Crigler, to the United States Marshal's Service, to the Receiver, to all counsel of record and to Terry L. Dowdell.

The Clerk of the Court hereby is directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
Senior United States District Judge

_____
Date

A TRUE COPY, TESTE:
JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

4