# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

```
-----------------------------------------------------------------
Federal Trade Commission                    )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )   Civil No.:  RDB 08-CV-3233
                                            )
Innovative Marketing, Inc., et al.          )
                                            )
                    Defendants,             )
                                            )
AND                                         )
                                            )
Maurice D'Souza                             )
                                            )
                    Relief Defendant.       )
-----------------------------------------------------------------
```

## REPLY IN SUPPORT OF DEFENDANT KRISTY ROSS'S MOTION TO STRIKE OR IN THE ALTERNATIVE MOTION FOR AN EXTENSION OF TIME

Ms. Ross explained in her opening brief that the Federal Trade Commission's ("FTC") Motion for an Order Holding Sam Jain and Kristy Ross in Contempt of Court (Docket No. 49) attempted to skip a critical step in contempt proceedings. By passing over the enforcement proceedings, the FTC's motion stood to improperly circumvent Ms. Ross's ability to oppose the motion without waiving her Fifth Amendment rights. *See United States v. Butler,* 211 F.3d 826, 832 (4th Cir. 2000) (recognizing that at the enforcement stage of the proceedings a party may present evidence on her inability to comply with the order without waiving her Fifth Amendment rights); *see also Grand Jury Subpoena Dated April 9, 1996 v. Smith,* 87 F.3d 1198, 1202 (11th Cir. 1996) (holding that testimony "at an enforcement hearing that [custodian] is not in possession of those documents does not constitute a waiver of her Fifth Amendment rights").

The FTC's response now essentially acknowledges the confusion its motion created and attempts to remedy the "uncertainty" midstream by asking in its response brief for this Court to enter an alternate order "clarifying" its previous request. (Resp. Br. at 2 (Docket No. 53).) But this Court should not be required to fix or clarify the procedural flaws in the FTC's motion after the issue has been fully briefed by the parties. In light of the significant constitutional rights at issue, Ms. Ross should not be required to guess how the FTC's motion will be fixed. This Court should strike the FTC's motion and require the FTC to submit a proper motion that recognizes the actual stage of the proceedings in the first instance.

Ms. Ross's brief also moved in the alternative for this Court to vacate the date on which she was required to respond to the contempt motion in light of her pending motion to temporarily stay this action (Docket No. 48). The date for Ms. Ross to file an opposition to the FTC's contempt motion was February 17, and because this motion as well as her motion to temporarily stay this action was still pending at that time, Ms. Ross filed her Protective Memorandum In Opposition to Plaintiff's Motion for an Order Holding Her In Contempt of Court on February 17. (*See* Docket No. 57 ("Protective Response").) If this Court grants Ms. Ross's motion to temporarily stay this action, it will render her Protective Response to the FTC's contempt motion moot; however, to the extent that this Court considers the FTC's contempt motion before ruling on Ms. Ross's motion to temporarily stay this action, and to the extent this Court needs additional information regarding Ms. Ross's ability to comply with any order, Ms. Ross requests additional time in which to brief the merits of her position.

The FTC essentially makes two arguments when opposing Ms. Ross's motion to reset the response date for the contempt motion until after this Court rules on the temporary stay motion. This first argument simply rejects Ms. Ross's reliance on the Fifth Amendment. (Resp.

Br. at 3.) Consistent with its arguments elsewhere, however, the FTC does not challenge the fact that Ms. Ross has met all of the requirements for invocation of her Fifth Amendment protections in her personal capacity, and does not contest that Ms. Ross is being compelled to make a testimonial statement that might tend to incriminate her. *See Doe v. United States*, 487 U.S. 201, 210-11 (1988). Instead, the FTC only argues that it Fifth Amendment protections do not apply to Ms. Ross in her "capacit[y] as [a] corporate officer[]" of Innovative Marketing, Inc. ("IMI"). (Resp. Br. at 3.) But, as explained in Ms. Ross's Protective Memorandum In Opposition to Plaintiff's Motion for an Order Holding Her In Contempt of Court (Docket No. 57), the FTC has not offered proof that Ms. Ross is a current agent of IMI, and because of the confused procedural posture of the case, Ms. Ross cannot properly refute the unsupported inferences the FTC has made. *See In re Grand Jury Subpoenas Duces Tecum Dated Jan. 29, 1999,* 191 F.3d 173, 179-83 (2d Cir. 1999) (holding that former employees can assert the Fifth Amendment against the production of corporate records in their possession).

Finally, the FTC argues that an extension of time to respond to the contempt motion would cause "hardship" to the FTC. (Resp. Br. at 4-5.) The only assertion the FTC makes to support this claim with respect to Ms. Ross, however, is that she "has a history of lavish spending and extensive international travel." (Resp. Br. at 5.) The FTC concludes from this that it has "concerns" that Ms. Ross could dissipate assets. (*Id.*) Citing spending and international travel receipts dated *months prior to* when this Court issued its *ex parte* TRO and Preliminary Injunction says nothing about the dissipation of assets in violation of this Court's orders. In fact, Ms. Ross previously pointed out in her opening brief that the FTC had not alleged that she was in contempt of any requirement to preserve assets or records, or that anyone was engaging in any of the prohibited business activities governed by the Preliminary Injunction.

(Docket No. 51. at 8.) The FTC does not dispute this in its response but only asserts that Ms. Ross has "refused to produce corporate records" and that it believes Ms. Ross may dissipate assets because she has spent money in the past. (Resp. Br. at 4-5.) This is not enough. There is no hardship to the FTC and this Court should reset the time for Ms. Ross to respond to the contempt motion, if necessary, after the Court decides the motion to temporarily stay this action.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Ms. Ross respectfully requests that the Court strike Plaintiff's Motion for an Order Holding Defendants Sam Jain and Kristy Ross in Contempt of Court and Requiring the Repatriation of Their Assets (Docket No. 49) as it applies to Ms. Ross, and, in the alternative, extend the time for Ms. Ross to respond after this Court decides Ms. Ross's Motion for a Temporary Stay (Docket No. 48).

Dated: February 23, 2009

Respectfully submitted,

    /s/
Dan K. Webb, *pro hac vice*
Connie N. Bertram (Bar No. 0001240002)
Thomas L. Kirsch II, *pro hac vice*
Justin E. Endres, *pro hac vice*
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(facsimile) (312) 558-5700
dwebb@winston.com
cbertram@winston.com
tkirsch@winston.com
jendres@winston.com

*Attorneys for Defendant Kristy Ross*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2009, a copy of the foregoing was served upon all counsel of record through the Court's ECF system.

                                                                             /s/
                                                          Thomas L. Kirsch II