UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

| | |
|---|---|
| Federal Trade Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No.: RDB 08-CV-3233 |
| | ) |
| Innovative Marketing, Inc., *et al*., | ) |
| | ) |
| Defendants, | ) |
| AND | ) |
| | ) |
| Maurice D'Souza, | ) |
| | ) |
| Relief Defendant. | ) |

---

**DEFENDANT SAM JAIN'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR TEMPORARY STAY**

Defendant Sam Jain has moved the Court to stay this civil action temporarily until parallel federal criminal proceedings in the Northern District of Illinois are resolved. A temporary stay is necessary because of the significant threat the FTC's civil case poses to his Fifth Amendment privilege against self-incrimination.

That threat stems not only from being forced to choose whether to assert the privilege at the cost of evidentiary void and adverse inferences in the civil case, but more urgently from the FTC's attempt to deprive Mr. Jain of any choice whatsoever. Invoking an unsupported collective entity theory, the FTC persistently has tried to circumvent his individual Fifth Amendment rights and to compel incriminating testimonial communication over his efforts to assert the privilege. Defendants facing parallel proceedings are inherently burdened when choosing between criminal incrimination or civil judgment, but the prejudice is exponentially greater when the element of choice is eliminated altogether and the Government's strategic use of concurrent criminal and

civil administrative proceedings forces the defendant inescapably to incriminate himself. Such is the case here, threatening Mr. Jain's fundamental right to a fair criminal trial.

The FTC avoids that difficult question by simply ignoring the reality of its effort to destroy the privilege, falsely characterizing the prejudice Mr. Jain faces as merely being "forced to invoke the Fifth Amendment" to his civil disadvantage. Mr. Jain's prejudice is far greater, however, as the FTC literally will not allow him to invoke his privilege and has moved to hold him in contempt for doing so. All of the relevant legal factors weigh in favor of temporarily staying this case, and the Court should do so to protect Mr. Jain from the Government's unabashed attempt to convict him criminally by first compelling incriminating civil testimony and documents.

**ARGUMENT**

**I.     Mr. Jain seeks a temporary stay only.**

The FTC distracts from any proper weighing of the relevant stay factors by extrapolating from Mr. Jain's bench warrant in an unrelated California trial a speculative prediction as to his defense of the Illinois proceedings, concluding irrationally that the requested stay thus would be "indefinite." As the Court is now aware, Mr. Jain is the target of an ongoing parallel federal criminal investigation conducted by the U.S. Attorney's Office for the Northern District of Illinois, in which he has been advised his indictment is both certain and imminent. *See* Dkt. #45-3 ¶ 6. The Illinois Investigation is the sole parallel criminal action on which Mr. Jain's stay motion depends, and even the FTC does not dispute that it involves identical underlying conduct and alleged wrongdoing as the civil claims here.

Instead, the FTC relies on a bench warrant from a concededly "unrelated" criminal case in the Northern District of California as grounds to speculate that "Jain will not stand trial in a

criminal case arising from the conduct at issue here." Opp. (Dkt. #55) at 4. Apparently conjecturing that the California warrant suggests Mr. Jain may not defend the Illinois Investigation, the FTC theorizes that, as applied to the first, third, fourth and fifth *Mid-Atlantic Toyota* factors,[1] Mr. Jain's requested temporary stay nevertheless should be analyzed as a request for an "indefinite stay" that "could last years, or longer." *Id.* at 3.

This speculation contorts the facts. Mr. Jain seeks a temporary stay pending resolution of the parallel Illinois Investigation, *not* of the unrelated California case. Mr. Jain has not missed any proceeding in Chicago, and there is no indication whatsoever that he will not appear and defend his imminent indictment there. Indeed, the inference is refuted by Mr. Jain's actions in this matter, where he voluntarily has submitted to the Court's personal jurisdiction and continues to defend himself in motions practice as vigorously as overarching Fifth Amendment constraints permit. The California bench warrant is not relevant to the stay motion, cannot be extrapolated to future events in Chicago or in Baltimore, and certainly does not render the requested stay "indefinite."[2]

---

[1] Five factors generally guide decision on a motion for temporary stay:

> (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff if delay;
> (2) the burden on defendants;
> (3) the convenience to the courts;
> (4) the interest of persons not parties to the civil litigation; and,
> (5) the public interest.

*In re Mid-Atl. Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981).

[2] The FTC's duration concern is easily resolved by including a routine provision allowing the parties to petition the Court to lift the stay should changed circumstances warrant. *See, e.g.*, *United States v. 1344 Ridge Road*, 751 F. Supp. 1060, 1063 (E.D.N.Y. 1989). Mr. Jain does not oppose such a condition.

**II.    The FTC seeks far more than an adverse civil inference; it seeks to circumvent Mr. Jain's Fifth Amendment privilege and force him involuntarily to incriminate himself in the parallel criminal action.**

The threat to Mr. Jain's Fifth Amendment privilege is particularly acute because the FTC refuses to acknowledge its assertion, seeking instead to pierce the privilege by forcing Mr. Jain to produce purportedly "corporate" documents as to which the act of production would incriminate him individually, all the while knowing that preservation of his privilege precludes him even from refuting the underlying agency allegation.  *See* FTC Contempt Mot. (Dkt. #49) at 8-11.  Manipulating the concurrent civil and criminal proceedings, the Government thus undermines Mr. Jain's Fifth Amendment rights by conducting a *de facto* criminal investigation under the guise of FTC civil claims to benefit from more liberal civil discovery rules.  "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."  *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).  This principle applies *a fortiori* when it is the Government seeking tactical advantage from the concurrent proceedings.  *See Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (stay is "more appropriate when both actions are brought by the government"). With the FTC litigating its civil claims in a manner designed to bolster the criminal case, in abrogation of Fifth Amendment rights, the civil case should be stayed to protect Mr. Jain's constitutional right to a fair criminal trial.  *See Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 508 (1984) ("No right ranks higher than the right of the accused to a fair trial.").

In *United States v. Kordel*, the Supreme Court discussed the threat presented when an individual cannot respond to discovery "addressed to the corporation without subjecting himself to a 'real and appreciable' risk of self-incrimination."  397 U.S. 1, 8-9 (1970).  Although the Court did not have to resolve this "troublesome" conflict in *Kordel*, it advised that the

appropriate remedy would be to "postpone[e] civil discovery until termination of the criminal action." *Id.* at 9. Courts since have found that when a plaintiff circumvents an individual defendant's Fifth Amendment privilege by seeking discovery from a corporation ostensibly under that defendant's control, temporarily staying discovery "is the fairest and most efficient way for a litigation to proceed." *State Farm Mut. Auto. Ins. Co. v. Grafman*, 2007 WL 4285378, *3 (E.D.N.Y. Dec. 1, 2007). Accordingly, because the Government is manipulating civil discovery rules and the collective entity doctrine to force Mr. Jain to incriminate himself rather than convicting him "by the independent labor of its officers," *Mitchell v. United States*, 526 U.S. 314, 326 (1999), a temporary stay is warranted here to preserve Mr. Jain's Fifth Amendment privilege and to ensure he receives a fair criminal trial.

### III.   Mr. Jain also is prejudiced when forced to choose between incrimination or surrendering a meritorious defense of the civil claims.

The FTC's response to the "burden on the defendant" factor is simply that "the Fifth Amendment privilege does not come without cost in the civil arena." Opp. (Dkt. #55) at 6. In addition to ignoring the distinct threat from its efforts to circumvent the privilege, discussed in Section II above, this argument discounts the burden imposed when the Government forces a defendant to choose between sacrificing either his constitutional right or an adequate civil defense – a burden courts routinely find warrants a temporary stay. For example, in granting a pre-indictment stay, one district court recently held that "requiring Defendants to choose between asserting their Fifth Amendment rights (thereby subjecting themselves to the very real possibility of adverse inferences) and defending themselves in this action imposes a substantial burden upon Defendants, *especially because the government is the real party in interest in both cases* and could seek to use evidence gathered in this case in the criminal investigation of Defendants." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007) (emphasis

added); *see also United States v. Pinnacle Quest Int'l*, 2008 WL 4274498, *2 (N.D. Fla. Sept. 11, 2008) ("Because testimony and other information in the civil case may be used in the criminal case, it is plain that the defendants' fifth amendment rights are implicated. . . . [G]iven the very real potential for a fifth amendment violation, the burden imposed on the defendants is significant.").

This burden on a defendant also is heightened when, as here, the overlapping criminal and civil actions involve identical alleged misconduct. "Although it is not unconstitutional to force a party to choose between invoking his Fifth Amendment rights and risking adverse inferences in a civil action, the risk of impairing the party's Fifth Amendment rights presents a stronger case for staying discovery, particularly when there are similar issues between the civil and criminal cases, as in this case." *Am. Express Bus. Fin. Corp. v. R.W. Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002); *see also In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819, *5 (E.D. Pa. May 13, 2003) ("[B]ecause the Rigas Defendants are already under indictment in a case concerning identical allegations and issues, they face substantial risks of self-incrimination."). Indeed, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir.) (en banc), *cert. denied*, 449 U.S. 993 (1980).

Mr. Jain does not suggest that he has an absolute constitutional right against parallel proceedings. But significant burden to his constitutional rights is one important factor weighing heavily in favor of a stay, and the Court should weigh all factors in a manner assuring that "exercise of Fifth Amendment rights should not be made unnecessarily costly." *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 84 (2d Cir. 1995).

The cases cited by the FTC on this point are inapposite. For instance, in *IBM v. Brown*, the court concluded that "there is no real Fifth Amendment issue here" because the individual defendants had testified at deposition and waived their privilege. 857 F. Supp. 1384, 1389-90 (C.D. Cal. 1994). Likewise, in *SEC v. Incendy*, the defendant's Fifth Amendment right was not before the court because, unlike here, the plaintiff had not yet issued any requests for information and the defendant had not asserted the privilege. 936 F. Supp. 952, 957 (S.D. Fla. 1996). In *In re Phillips, Beckwith & Hall*, the government was "uncertain" as to "whether it will proceed with criminal charges," thus any Fifth Amendment burden was speculative and outweighed by other factors. 896 F. Supp. 553, 557 (E.D. Va. 1995). Similarly, after the criminal indictment issued in *Keating v. Office of Thrift Supervision*, the overlapping counts were severed from the concurrent administrative action, alleviating the Fifth Amendment burden. 45 F.3d 322, 325 (9th Cir. 1995). Finally, in *SEC v. Grossman*, the defendant's Fifth Amendment right was not unduly burdened because the potential adverse inference was not dispositive of his civil defense.[3] 121 F.R.D. 207, 210 (S.D.N.Y. 1987).

In stark contrast to those cases, Mr. Jain has a valid Fifth Amendment privilege arising from his imminent indictment in Chicago, he has steadfastly refused to waive that privilege, but without doing so he will be completely precluded from mounting an adequate defense to the FTC's claims. The extraordinary burden this dilemma imposes on Mr. Jain's constitutional rights merits a stay.

---

[3] *United States v. Taylor*, 975 F.2d 402, 404 (7th Cir. 1992), also cited by the FTC, is not even a stay case, but rather an action to return a seized firearm following criminal conviction.

7

## CONCLUSION

Mr. Jain respectfully requests that the Court temporarily stay this action against him until the parallel federal criminal matter in the Northern District of Illinois is resolved.

Respectfully submitted,

　/s/　
Robert D. Luskin, *pro hac vice*
Benjamin D. Wood (Bar #17536)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
rluskin@pattonboggs.com
bwood@pattonboggs.com

*Attorneys for Defendant Sam Jain*

Dated: February 26, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2009, a copy of the foregoing DEFENDANT SAM JAIN'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY STAY was served upon all counsel of record through the Court's ECF system.

                                                  /s/
                                       Benjamin D. Wood