# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Federal Trade Commission ) | |
| ) | Civil No.: RDB 08-CV-3233 |
| Plaintiff, ) | |
| v. ) | |
| Innovative Marketing, Inc., *et al.* ) | |
| Defendants, ) | |
| AND ) | |
| Maurice D'Souza ) | |
| Relief Defendant. ) | |

## REPLY MEMORANDUM IN SUPPORT OF RELIEF DEFENDANT MAURICE D'SOUZA'S MOTION FOR A PROTECTIVE ORDER

Relief Defendant Maurice D'Souza submits this reply memorandum in support of his Motion for a Protective Order providing that, if the Federal Trade Commission's ("FTC's") noticed deposition of Maurice D'Souza is to proceed, it would be held where he resides, in Singapore. On April 16, 2009, the Court granted, in part, Maurice D'Souza's Motion for a Protective Order and stayed the noticed deposition until the Court rules on Maurice D'Souza's pending Motion to Dismiss. The Court stayed a ruling on the where the deposition should take place until after ruling on the Motion to Dismiss. If the Motion to Dismiss is granted then this motion would be moot as Maurice D'Souza would no longer be a party to this action and the FTC would have to obtain a third party subpoena to obtain his deposition, and any deposition would have to be held where he resides. If the motion is not granted, the Court should order that any deposition of Maurice D'Souza take place in Singapore. As discussed below, the FTC has

failed to demonstrate special circumstances exist to depart from the general rule that a defendant should be deposed at his residence or principle place of employment, which in this case is Singapore.[1]

The FTC acknowledges in its Opposition to the Motion for a Protective Order ("Opposition") that there is a presumption that a defendant will be deposed at his residence or place of employment. Moreover, most of the cases cited by the FTC demonstrate that courts rarely depart from this general rule. *See Rapoca Energy Co. v. AMCI Export Corp.,* 199 F.R.D. 191, 193 (W.D. Va. 2001) (fact that corporation filed permissive counterclaim was not sufficient to overcome presumption that deposition of its officers should be taken at its principle place of business); *Belk, Inc. v. Meyer Corp.*, No. 3:07-CV-168, 2009 WL 703704, at *5 (Mar. 16, 2009 W.D.N.C.) (stating that plaintiff's had "shown no persuasive reason for the Court to depart from the general rule requiring a defendant to be deposed where he resides or where the corporation has its principal place of business"); *Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987) (holding that a Dutch defendant should be deposed in the Netherlands)

It is the FTC's affirmative burden to overcome this presumption and demonstrate that special or peculiar circumstances exist that Maurice D'Souza should be deposed in the Washington D.C. *See Devlin v. Transp. Communs. Int'l Union*, 2000 WL 28173 at * 3 (S.D.N.Y. 2000). The arguments and evidence put forth by the FTC fails to make a compelling case for why the Court should depart from the general rule—particularly in the case of "relief defendant" who is not alleged to have violated any U.S. laws.

---

[1] As an initial matter, the FTC asserts in a footnote that Maurice D'Souza is a resident of Toronto, citing an out-dated resume and two-year old testimony of his son in another litigation. However, such stale evidence does not overcome the reality that Maurice D'Souza is now in Singapore.

First, the FTC argues that travel to Washington D.C. would not burden Maurice D'Souza because he has conducted business all over the world, and he has accumulated many frequent flyer miles. But the operative question before this Court is not where he conducts business or how much travel Maurice D'Souza has engaged in over the course of his life,[2] but whether it would burden him to travel *to Washington D.C.* for the deposition *at this time*. *See Rapoca,* 199 F.R.D. at 193 (stating that there was no evidence that most of the defendants "routinely travels to *this district*") (emphasis added). The FTC has presented no evidence that Maurice D'Souza regularly travels to the United States, much less Washington D.C., or that such travel would not be a burden to him. *See Tailift USA, Inc. v. Tailift Co., Ltd.*, No. 3:03-CV-0196, 2004 WL 722244, at *3 (N.D. Tex. Mar. 26, 2004) (finding that evidence of witness's seven prior instances of travel to the United States "hardly presents a frequency of presence in the United States that weighs in favor of overcoming the presumption."); *Six West Retail Acquisition, Inc. v. Sony Theater Mgmt. Corp*, 203 F.R.D. 98, 108 (S.D.N.Y. 2001) (rejecting the plaintiff's argument that the witness regularly traveled to the forum district on business and that scheduling the deposition on one of the trips would lessen disruption to the witness' schedule and the defendant's business).

The FTC states—without any supporting evidence—that Maurice D'Souza is "intimately involved" in businesses in the United States. *See* FTC Opp'n at 3. The FTC cites the resume of Maurice D'Souza, but the resume does not mention *any* business activity in the United States. As set forth in the Reply Memorandum in Support of Maurice D'Souza's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, filed today (Docket No. 99), Maurice D'Souza's only contact with the United States is a personal bank account in Hawaii. Moreover, the fact that

---

[2] Maurice D'Souza's frequent flyer miles were accumulated over a long time and reflect more than just airline travel.

3

WinPayment Consultancy—a Bahrain Corporation—may have drafted two unexecuted contracts that contain a United States forum selection clause does not mean that Maurice D'Souza has extensive contacts with the United States, nor is it relevant to where Maurice D'Souza's deposition should be held in this case. This dispute does not arise under those contracts, and even if it did, "a deposition of a corporation through its agents or officers normally should be taken in the district of the corporation's principal place of business." *Rapoca Energy Co.*, 199 F.R.D. at 193.

Second, the FTC claims that there should be a special exception from the normal rule that a deposition be held where the witness resides because a number of the attorneys for the parties in this action are located in Washington D.C. But, it is the witness's burden, not the lawyers' burden that should be the primary consideration. *See Devlin*, 2000 WL 28173 at * 4 ("[t]he convenience of counsel is less compelling than any hardship to the witnesses"). Moreover, the presence of counsel for the other parties is not required for the deposition to proceed as they could either obtain a transcript of the deposition or participate by other means such as submitting written questions or participating via telephone. This is particularly true here, where the FTC has not shown how conducting the deposition in Singapore would impose an undue burden on the agency whose Commissioners often travel abroad at government expense.

Third, the FTC argues that the deposition should be held in Washington D.C. so that it would be easier to resolve "disputes" in the course of the deposition, anticipating that Maurice D'Souza will exercise his Fifth Amendment privilege. However, there is no basis to conclude that the assertion of a Fifth Amendment privilege will require Court supervision, or that the Court will have to be involved in some question-by-question effort to evaluate the propriety of counsel's instruction to the witness regarding the Fifth Amendment.

4

## CONCLUSION

For the foregoing reasons Relief Defendant Maurice D'Souza's Motion for a Protective Order should be granted.

Dated:  May 11, 2009                                         Respectfully submitted,

/s/
Michael J. Madigan (*pro hac vice*)
Russell D. Duncan (Bar No. 14904)
Garret G. Rasmussen (*pro hac vice*)
Jonathan A. Direnfeld (Bar No. 28859)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 339-8400

*Attorneys for Relief Defendant Maurice D'Souza*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2009, a copy of the foregoing Reply Memorandum In Support Of Relief Defendant Maurice D'Souza's Motion For A Protective Order was served upon all counsel of record through the Court's ECF system.

                                                          /s/
                                      Michael J. Madigan