UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Federal Trade Commission | |
| Plaintiff, | |
| v. | Civil No.: 08-CV-3233-RDB |
| Innovative Marketing, Inc., *et al*. | |
| Defendants. | |
| AND | |
| Maurice D'Souza | |
| Relief Defendant. | |

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS JAMES M. RENO AND BYTEHOSTING INTERNET SERVICES, LLC

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), filed its Complaint against defendants Innovative Marketing, Inc., also d/b/a Billingnow, BillPlanet PTE Ltd., Globedat, Innovative Marketing Ukraine, Revenue Response, Sunwell, Synergy Software BV, Winpayment Consultancy SPC, Winsecure Solutions, and Winsolutions FZ-LLC; ByteHosting Internet Services, LLC; James Reno, individually, d/b/a Setupahost.net, and as an officer of Bytehosting Internet Services, LLC; Sam Jain, individually and as an officer of Innovative Marketing, Inc.; Daniel Sundin, individually, d/b/a Vantage Software and Winsoftware, Ltd., and as an officer of Innovative Marketing, Inc.; Marc D'Souza, individually, d/b/a Web Integrated Net Solutions, and as an officer of Innovative Marketing, Inc.; Kristy Ross, individually and as an officer of Innovative Marketing, Inc; and relief defendant Maurice D'Souza for injunctive and other equitable relief in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53(b), on December 2, 2008. The Court ordered an *ex parte* Temporary Restraining Order on the same day, and a Preliminary Injunction was entered on December 15, 2008. The Commission and defendants James M. Reno and ByteHosting Internet Services, LLC, hereby stipulate to the entry of, and request the Court to enter, this Stipulated Final Order for Permanent Injunction and Monetary Judgment as to

defendants James M. Reno and ByteHosting Internet Services, LLC ("Order"), to resolve all matters of dispute between them in this action.

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1.  This Court has jurisdiction over the subject matter of this case, and has jurisdiction over James M. Reno and ByteHosting Internet Services, LLC pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2.  Venue is proper as to James M. Reno and ByteHosting Internet Services, LLC in this District pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3.  The activities alleged in the complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4.  The facts that the FTC has stated in its complaint, if true, would state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

5.  James M. Reno and ByteHosting Internet Services, LLC have entered into this Order freely and without coercion and without admitting fault, wrongdoing or liability as part of an agreed settlement, and they acknowledge that they have read the provisions of this Order and are prepared to abide by them;

6.  The undersigned, individually and by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order;

7.  James M. Reno and ByteHosting Internet Services, LLC waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order and waive and release any claim they may have against the Commission, its employees, representatives, or agents;

8.  James M. Reno and ByteHosting Internet Services, LLC agree that this Order does not entitle them to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and they further waive any rights to attorneys' fees that may arise under

said provision of law;

9.    This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment; and

10.   Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.    **"Individual Defendant"** means James M. Reno.

2.    **"Corporate Defendant"** means ByteHosting Internet Services, LLC, as well as its successors and assigns.

3.    **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

4.    **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of the Corporate Defendant or Individual Defendant, or held for the benefit of the Corporate Defendant or Individual Defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of the Corporate Defendant or Individual Defendant, or any of the Individual Defendant's minor children, or spouses.

5.    **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronically-stored information, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, Web pages, books, written or printed records, handwritten notes, telephone logs,

telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data stored in any medium from which information can be obtained and translated.  A draft or non-identical copy is a separate document within the meaning of the term.

6.      **"Software"** means any file, program, application, content, code or set of instructions that controls, directs, or assists in the operation of a computer and/or instructs a computer as to what tasks to perform.

**CONDUCT PROHIBITIONS**

**I.**

**IT IS THEREFORE ORDERED** that, in connection with the marketing, distributing, or sale of, or the provision of customer support for, Software, the Defendants, as well as their officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that: (1) a computer scan or any other type of remote or local computer analysis has been performed, including but not limited to claims that a computer has been scanned or otherwise analyzed for viruses, spyware, pornography, or system errors; or (2) security or privacy problems have been detected on a computer, including but not limited to claims that a computer contains viruses, spyware, pornography, or system errors.

**II.**

**IT IS FURTHER ORDERED** that the Defendants, as well as their officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, publishing, disseminating, distributing, installing, downloading, or providing customer support for, any Software that interferes with a consumer's computer use, including but not limited to Software that:

A.      changes consumers' preferred Internet homepage settings;

B.      inserts a new advertising toolbar onto consumers' Internet browsers;

C.    generates numerous "pop up" advertisements on consumers' computer screens when consumers' Internet browsers are closed;

D.    adds advertising icons to the computer's desktop;

E.    tampers with, disables, or otherwise alters the performance of other programs, including anti-spyware and anti-virus programs;

F.    alters Internet browser security settings, including the list of safe or trusted websites;

G.    installs other advertising Software on consumers' computers;

H.    conducts, or purports to conduct, a computer scan that purports to detect security or privacy threats that do not exist on the scanned computer; or

I.    creates security or privacy threats on a computer for the purpose of selling Software to eliminate those problems.

### III.

**IT IS FURTHER ORDERED** that, in connection with the marketing, distributing, or sale of, or provision of customer support for, Software, the Defendants, as well as their officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from concealing or attempting to conceal their identities by, among other things:

A.    Using any domain names that have been registered using false or incomplete information; or

B.    Claiming that they place advertisements on behalf of, or otherwise represent, individuals or entities, unless they possess written authorization to represent such individuals or entities.

### IV.

**IT IS FURTHER ORDERED** that Defendants are permanently restrained from engaging in commercial activity of any kind – whether as a partner, employee, employer, officer, director, control person, independent contractor, consultant, service provider, or otherwise – with Innovative Marketing, Inc., Sam Jain, Daniel Sundin, Marc D'Souza, Maurice D'Souza, or

Kristy Ross, or any entity controlled by Innovative Marketing, Inc., Sam Jain, Daniel Sundin, Marc D'Souza, Maurice D'Souza, or Kristy Ross.

## V.

**IT IS FURTHER ORDERED** that in connection with the marketing, distributing, or sale of, or the provision of customer support for, any goods or services, Defendants and their officers, agents, servants, employees, and attorneys, and persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

    A.    Misrepresenting, directly or by implication, to any potential purchaser of any goods or services, any material fact, including, but not limited to:

        1.    The total cost to purchase, receive, or use, or the quantity of, any goods or services that are subject to the sales offer;

        2.    Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services; or

        3.    Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

    B.    Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations prohibited by Paragraph A, above.

## MONETARY JUDGMENT

## VI.

**IT IS FURTHER ORDERED** that:

    A.    Judgment in the amount of $1,859,954.93 is hereby entered jointly and severally against the Defendants.

    B.    The monetary judgment set forth in Paragraph A shall be suspended upon Defendants compliance with sub-Paragraphs B(1) and B(2) below.

        1.    Within fifteen (15) days after the date of entry of this Order, Defendants shall: 1) pay $17,827.00 from the accounts listed in **Attachment A** to the

United States Internal Revenue Service ("IRS") and State of Ohio, as provided in sub-Paragraph 2 below; and 2) pay the remaining balance of all accounts listed in **Attachment A** (approximately $98,870) to the Commission by wire transfer in accord with directions provided by the Commission, *provided however*, Defendants shall be entitled to withdraw and retain $7,500.00.

2.    Within fifteen (15) days after the date of entry of this Order, the Defendants shall pay to the IRS and State of Ohio from the frozen accounts listed in **Attachment A** the sum of $17,827.00 in order to wholly or partially satisfy their existing tax liability. Within fifteen (15) days of the tax payments, Defendants shall provide written proof to the Commission of the payments, including copies of cancelled checks and as-filed copies of their federal and state tax returns. Any portion of the Defendants' tax liability not satisfied by the payments made pursuant to this sub-paragraph shall be the sole responsibility of the Defendants, and shall not be paid from funds due to the Commission pursuant to B(1) of this Section. In the event the federal and state tax liability of any of the Defendants is less than the totals set forth in this sub-paragraph, the Defendants shall pay the difference to the Commission.

3.    Defendants shall not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable tax treatment for, any payments by one or more of the Defendants pursuant to Section VI of this Order. Defendants further agree they will not seek a credit or refund of any kind for taxes or penalties paid for tax years 2003-2008. However, if the Defendants otherwise obtain a credit or refund of any taxes or penalties paid for tax years 2003-2008, the

- 7 -

Defendants shall promptly pay the Commission the amount of such credit or refund, together with any interest the Defendants have earned in connection with any such credit or refund.

C.    All funds paid to the FTC pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  The Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph.  The Defendants shall have no right to contest the manner of distribution chosen by the Commission.

D.    Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

E.    The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of the Defendants' sworn financial statements and supporting documents submitted to the Commission, as well as all subsequent addenda thereto, all of which the Defendants stipulate are truthful, accurate, and complete.  The Defendants and the Commission stipulate that these financial disclosures provide the basis for the assets listed in Attachment A to this Order and include material information upon which the Commission relied in negotiating and agreeing to this Order.  The Defendants and the Commission stipulate that the Commission has relied on the truthfulness, accuracy, and completeness of these financial disclosures in agreeing to the terms of this Order

- 8 -

and that the Commission would not have entered into this Order but for the truthfulness, accuracy, and completeness of these financial disclosures.

F.   If, upon motion by the Commission, this Court finds that the Defendants have failed to disclose any material asset or materially misstated the value of any asset in the financial statement or related documents described above, or have made any other material misstatement or omission in the financial statements or related documents described above, then this Order shall be reopened and suspension of the judgment shall be lifted for the purpose of requiring payment of monetary relief in the amount of the judgment set forth in Paragraph A of this Section, less the sum of any amounts paid to the Commission pursuant to Paragraph B of this Section. *Provided, however*, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.

G.   Upon such reinstatement of the monetary judgment, the Court shall make an express determination that the monetary judgment shall be immediately due and payable. The Commission shall be entitled to interest on the judgment, computed from the day of entry of this Order, at the rate prescribed by 18 U.S.C. § 1961, as amended. The Commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution.

H.   Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in, and solely for purposes of, any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). For all other purposes and with

respect to all other parties, Defendants' stipulation in this section shall have no effect. It is specifically agreed and acknowledged that this section is not intended to, nor shall it be construed as, an admission of liability by Defendants with respect to the allegations set forth in the Complaint with respect to any claims or demands by any third parties.

I. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## LIFTING OF ASSET FREEZE

## VII.

**IT IS FURTHER ORDERED** that the freeze against the assets of the Defendants pursuant to Section IV of the Preliminary Injunction Order entered by this Court on December 15, 2008 ("Preliminary Injunction"), shall be lifted for the sole purpose of transferring funds pursuant to Section VI of this Order, and shall be dissolved upon transfer of all such funds.

## COMPLIANCE MONITORING

## VIII.

**IT IS FURTHER ORDERED** that, for purposes of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendants' financial statements upon which the Commission's agreement to this Order is expressly premised:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using

the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.      posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

    C.      Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

### IX.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

    A.      For a period of five (5) years from the date of entry of this Order,

        1.      The Individual Defendant shall notify the Commission of the following:

           a.      Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

           b.      Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such

- 11 -

Defendant's duties and responsibilities in connection with the business or employment; and

    c.    Any changes in such Defendant's name or use of any aliases or fictitious names;

2.    Defendants shall notify the Commission of any changes in structure of the Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    1.    For the Individual Defendant:

        a.    such Defendant's then-current residence address, mailing addresses, and telephone numbers;

        b.    such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that

- 12 -

such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

    c.    Any other changes required to be reported under Paragraph A of this Section.

    2.    For all Defendants:

        a.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;"

        b.    Any other changes required to be reported under Paragraph A of this Section.

C.    Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Room NJ-2122
Washington, D.C. 20580
RE:  FTC v. Innovative Marketing, Inc., et al., Civil No. 08-CV-0233

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at:

DEBrief@ftc.gov.

E.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant and

with the undersigned counsel.

## RECORD KEEPING PROVISIONS

### X.

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendants, for any business that such Defendant directly or indirectly controls, or in which such Defendant has a majority ownership interest, and their agents, employees, officers, corporations and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.      Records reflecting contact information and a detailed payment history for all persons and entities engaged in the marketing, sale, distributing, or installing of Software at the direction of, or for the benefit of, the Defendants.

F.      Copies of all scripts and training materials used in connection with the training of staff engaged in customer support; and

G.      All records and documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## DISTRIBUTION OF ORDER

### XI.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.   Corporate Defendant:  The Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Paragraph A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Paragraph A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.   Individual Defendant as Control Person:  For any business that the Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Paragraph A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery

- 15 -

shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Paragraph A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.     Individual Defendant as employee or non-control person:  For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct in connection with the selling, distributing, marketing or provision of customer support for computer security Software, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.     Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section

## COOPERATION WITH FTC COUNSEL

## XII.

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

## XIII.

**IT IS FURTHER ORDERED** that each of the Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

- 16 -

## RETENTION OF JURISDICTION

## XIV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## ENTRY OF ORDER

## XV.

**IT IS FURTHER ORDERED** that there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Order immediately.

**SO ORDERED**, this _23ᴿᴰ_ day of _JUNE_ , 2009, at Baltimore, Maryland.

_Rill D. Bennett_
The Honorable Richard D. Bennett
United States District Judge

Stipulated and agreed to by:

James M. Reno, Defendant                     Dated: _5/20/09_

James M. Reno as CEO of ByteHosting Internet
Services, LLC, Defendant                     Dated: _5/20/09_

Christian A. Jenkins                          Dated: _5/20/09_
Erik W. Laursen
Minnillo & Jenkins
22 W 9th Street
Cincinnati, OH 45202
(513) 723-1600
Attorney for Defendants James M. Reno and
ByteHosting Internet Services, LLC

- 17 -

Dated: June 12, 2009

Ethan Arenson
Colleen B. Robbins
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2204; (202) 326-2548; (202) 326-3643

## ATTACHMENT A

| Name on Account | Account Type | Bank Name |
| --- | --- | --- |
| Bytehosting Internet Services LLC | Free Small Business Checking | US Bank |
| Bytehosting Internet Services LLC | Basic Business Checking | US Bank |
| ByteCenter Web Services LLC | Free Small Business Checking | US Bank |
| James Reno | Free Checking | US Bank |