IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-08-3233 |
| INNOVATIVE MARKETING, INC., *et al.,* | * | |
| Defendants. | * | |
|   | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

The Federal Trade Commission ("FTC") brought this case under sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b), for injunctive and other equitable relief against a group of corporate entities and individuals for alleged deceptive conduct in connection with the sale of software.

Currently pending before this Court is the FTC's Motion for Rule 37 Sanctions against Defendant Sam Jain (Paper No. 131). The FTC noticed Jain's deposition for July 20, 2009. On July 22, 2009, this Court denied Jain's motion for a protective order, in which Jain sought to require that his deposition proceed by written questions rather than by oral examination. The FTC re-noticed Jain's deposition for July 31, 2009, and offered Jain the opportunity to be deposed by video-conference from the location of his choosing.[1] However, Jain's counsel

---

[1] The FTC proposed a deposition by video-conference at an undisclosed location as an accommodation for Jain. Sam Jain is currently the subject of a criminal investigation by the U.S. Attorney's Office for the Northern District of Illinois for alleged wire and computer fraud arising from the same activity underlying the FTC's civil suit. In addition, Jain is a defendant in a criminal proceeding in the U.S. District Court for the Northern District of California, where a bench warrant has been issued for his arrest for failure to appear. Because of these circumstances, Jain has raised Fifth Amendment privilege concerns in relation to the proposed deposition in the present case.

informed the FTC, in a letter dated July 28, 2009, that Jain was unwilling to attend the FTC-noticed deposition.

Federal Rule of Civil Procedure 37(d) authorizes a court to sanction any party who "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). A court enjoys broad discretion in crafting an appropriate sanction under Rule 37(d). The FTC requests that a default judgment be entered against Jain as a sanction for his noncompliance. Jain counters that a default judgment, or any other form of terminating sanction, is not warranted under the circumstances.

While Jain's actions in avoiding the previously noticed deposition authorize this Court to enter sanctions against him, the sanction of default judgment is not appropriate unless preceded by an "'explicit and clear' threat to a party that failure to meet certain conditions" would result in entry of default. *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (quoting *Hathcock v. Navistar Int'l Transportation Corp.*, 53 F.3d 36, 40-41 (4th Cir. 1995)); *see also Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993) ("The Plaintiff is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it.").

Accordingly, the FTC's Motion for Rule 37 Sanctions against Defendant Sam Jain (Paper No. 131) is GRANTED insofar as the following conditions are hereby imposed:

1. the FTC is instructed to re-notice Jain's deposition for an agreed upon time within the next thirty days of the date hereof;

2. Jain shall again be offered the opportunity to be deposed by video-conference from a location of his choosing;

3. Jain is hereby warned that if he fails to attend this upcoming deposition, this Court will consider imposing a default judgment against him pursuant to Federal Rule of Civil Procedure 37(d).

SO ORDERED, this 2nd day of October, 2009.

                                                /s/_____
                                                Richard D. Bennett
                                                United States District Judge