UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **Federal Trade Commission**<br><br>         **Plaintiff,**<br><br> v.<br><br>**Innovative Marketing, Inc.,** *et al.*<br><br>         **Defendants,**<br><br>AND<br><br>Maurice D'Souza<br><br>         **Relief Defendant.** | CIVIL NO. RDB 08-CV-3233 |

**PLAINTIFF'S REPLY TO SAM JAIN'S OPPOSITION
TO PLAINTIFF'S RENEWED MOTION FOR RULE 37 SANCTIONS**

Plaintiff Federal Trade Commission ("FTC" or "Commission"), for its Reply to Sam Jain's Opposition to its Renewed Motion for Rule 37 Sanctions states as follows:

**I. Introduction**

Sam Jain's Opposition to the FTC's Renewed Motion for Rule 37 Sanctions ("Opposition") repeats the same anemic arguments made in Jain's Opposition to the FTC's initial Motion for Rule 37 Sanctions. Because there is nothing new in Jain's Opposition, the FTC's Reply will be brief.

**II. Argument**

Counsel for Mr. Jain are in the difficult position of defending a client who has no intention of complying with this Court's Orders or participating in this litigation. As revealed in the recently filed Motion for Leave to Withdraw As Attorneys Of Record (D.E. 150), counsel for Mr. Jain have no idea where their client is, have <u>never</u> spoken with him directly, and last heard from Jain "indirectly" more

than 10 months ago.  See Memorandum of Law in Support of Motion for Leave to Withdraw As Attorneys Of Record at 1.  Despite this startling admission, Jain's lawyers argue that terminating sanctions against their client are unwarranted because "Mr. Jain is not acting in bad faith" and "Mr. Jain is not guilty of a pattern of contumacious behavior."  Opposition at 2, 3.

Counsel's description of Jain's conduct bears no resemblance to the facts of this case.  Jain – a fugitive for nearly a year now – has been toying with this Court and the FTC from the outset of this case.  Jain has ignored the Temporary Restraining Order and Preliminary Injunction entered by this Court, and completely disregarded this Court's most recent command that he appear for deposition.  See Order Granting FTC's Request For Rule 37 Sanctions With Conditions (D.E. 142).  Jain has also wasted this Court's time with a barrage of frivolous motions, which were designed solely to bog down this litigation and delay the FTC's efforts to obtain redress on behalf of the millions of consumers Jain and his co-defendants have defrauded.  Having succeeded in delaying this case for as long as possible, Jain has now disappeared, and left his lawyers behind to craft excuses for his egregious conduct.

Tellingly, Jain's Opposition makes no effort to distinguish the Rule 37 cases cited by the FTC in support of its Motion for Sanctions, including Gilbert v. Marsh, 905 F.2d 1529 at *2 (4th Cir. 1990) (upholding dismissal of plaintiff's case pursuant to Rule 37 after plaintiff informed defendant that she would not participate in discovery) and Murray v. Target Dept. Stores, 56 Fed. Appx. 246 (6th Cir. 2003) (upholding district court's decision to dismiss case pursuant to Rule 37(d) after plaintiff "flatly refused to attend her deposition.").  Instead, Jain cites to a series of cases in which litigants have been sanctioned, and argues that his contumacious conduct is less egregious by comparison.  Yet, in none of the cases cited by Jain, did the sanctioned party flatly refuse to be deposed – as Jain has here – nor were

any of the sanctioned parties fugitives from justice – like Mr. Jain.  Thus, Jain's attempt to improve his standing by comparing himself to other sanctioned litigants gets him nowhere.

### III.     Conclusion

For the reasons stated above, and in the FTC's Renewed Motion for Rule 37 Sanctions, this Court should exercise its authority pursuant to Rule 37(d) and enter an order:   1) imposing the sanction of default against Jain pursuant to Rule 37(d); and 2) ordering the FTC to submit evidence as to the total consumer injury caused by Jain so that the Court may enter default judgment.

Dated: November 17, 2009

        Respectfully submitted:

        WILLARD K. TOM
        General Counsel

        /s/ Ethan Arenson
        Ethan Arenson, DC # 473296 (earenson@ftc.gov)
        Colleen B. Robbins, NY# 2882710 (crobbins@ftc.gov)
        Federal Trade Commission
        600 Pennsylvania Ave., NW, Room 288
        Washington, D.C. 20580
        (202) 326-2204 (Arenson); (202) 326-2548 (Robbins)
        (202) 326-3395 FACSIMILE

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 17, 2009, I caused a true and correct copy of the foregoing Reply Brief to be served via the Court's electronic filing system upon:

Tom Kirsch
Dan Webb
Winston & Strawn
35 W. Wacker Drive
Chicago, Illinois
60601-9703

Carolyn Gurland
2731 N. Mildred Avenue
Chicago, IL 60614

*Counsel for Kristy Ross*

Robert Luskin
Benjamin Wood
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037

*Counsel for Sam Jain*

Garret Rasmussen
Michael Madigan
Orrick
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706

*Counsel for Marc and Maurice D'Souza*

            /s/ Ethan Arenson
            Ethan Arenson