UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Federal Trade Commission<br><br>                Plaintiff,<br><br>v.<br><br>Innovative Marketing, Inc., *et al.*<br><br>                Defendants,<br><br>AND<br><br>Maurice D'Souza<br><br>                Relief Defendant. | Civil No.: 08-CV-3233-RDB |

**DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT INNOVATIVE MARKETING, INC.**

This matter comes before the Court on Plaintiff Federal Trade Commission's ("FTC" or the "Commission") Motion for Default Judgment and Proposed Order for Permanent Injunction as to Defendant Innovative Marketing, Inc., also d/b/a Billingnow, BillPlanet PTE Ltd., Globedat, Innovative Marketing Ukraine, Revenue Response, Sunwell, Synergy Software BV, Winpayment Consultancy SPC, Winsecure Solutions, and Winsolutions FZ-LLC ("IMI"). On December 2, 2008, the FTC filed a Complaint against IMI; ByteHosting Internet Services, LLC; James Reno, individually, d/b/a Setupahost.net, and as an officer of Bytehosting Internet Services, LLC; Sam Jain, individually and as an officer of Innovative Marketing, Inc.; Daniel Sundin, individually, d/b/a Vantage Software and Winsoftware, Ltd., and as an officer of Innovative Marketing, Inc.; Marc D'Souza, individually, d/b/a Web Integrated Net Solutions, and as an officer of Innovative Marketing, Inc.; Kristy Ross, individually and as an officer of Innovative Marketing, Inc; and relief defendant Maurice D'Souza for injunctive and other equitable relief in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53(b). The Court ordered an *ex parte* Temporary Restraining Order on the same day, and a Preliminary Injunction was entered on December 15, 2008. On August 6, 2009, the Clerk entered a default against Defendant IMI. (D.E. 133). Having considered the memoranda and exhibits filed in support of said motion, it is **ORDERED AND**

**ADJUDGED** that Plaintiff's Motion for Default Judgment against Defendant IMI is granted as follows:

1. This Court has jurisdiction over the subject matter of this case, and has jurisdiction over IMI pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2. Venue is proper as to IMI in this District pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3. The activities alleged in the complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4. The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

5. Defendant IMI has been properly served with the Summons and Complaint, as required by Federal Rule of Civil Procedure 4;

6. IMI has failed to file an Answer to the Complaint within the time set forth in Federal Rule of Civil Procedure 12(a), or to otherwise defend this action. The Clerk of the Court entered a default against IMI on August 6, 2009. (D.E.133);

7. Defendants have made false or misleading statements in connection with their marketing, selling and distributing of computer software security products in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

8. Defendants' total revenues, minus funds returned to consumers through refunds and chargebacks, from the conduct alleged in the FTC's Complaint from 2004-2008 amount to $163,167,539.95. This amount is readily ascertainable from the Defendants' business records, as well as business records of the payment processor used by the Defendants, which were submitted to this Court by the FTC in support of its Motion for Default Judgment;

9. The Commission is entitled to equitable monetary relief against IMI, jointly and severally with other defendants found liable in this matter, in the amount of $163,167,539.95

which is the amount of consumer injury from 2004-2008;

10. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Defendant"** means Innovative Marketing, Inc., d/b/a Globedat, Innovative Marketing Ukraine, and Sunwell and its successors and assigns.

2. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of the Defendant, or held for the benefit of the Defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of the Defendant.

3. **"Computer Security Software"** means any Software that purports to diagnose, protect against, remove, disable or otherwise counter viruses, trojan horses, spyware or other malicious Software; system errors; pornography; privacy violations; unwanted files; slow system performance, or other threats.

3. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronically-stored information, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and

check registers, bank statements, appointment books, computer records, and other data stored in any medium from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

4. **"Representatives"** means Defendant's officers, agents, directors, servants, employees, independent contractors, and all other persons or entities in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division or other device.

5. **"Software"** means any file, program, application, content, code or set of instructions that controls, directs, or assists in the operation of a computer or other electronic device and/or instructs a computer or other electronic device as to what tasks to perform.

## CONDUCT PROHIBITIONS

### I. BAN ON THE MARKETING AND SALE OF COMPUTER SECURITY SOFTWARE

**IT IS THEREFORE ORDERED** that the Defendant, as well as its Representatives, are hereby permanently restrained and enjoined from, directly or indirectly, engaging or participating in the marketing, distributing, installing, downloading, providing customer support for, offering for sale, or sale of any Computer Security Software.

### II. BAN ON THE MARKETING AND SALE OF SOFTWARE THAT INTERFERES WITH CONSUMERS' COMPUTER USE

**IT IS FURTHER ORDERED** that the Defendant, as well as its Representatives, are permanently restrained and enjoined from, directly or indirectly, engaging or participating in the marketing, distributing, installing, downloading, providing customer support for, offering for sale, or sale any Software that interferes with a consumer's computer use, including but not limited to Software that:

- A. changes consumers' preferred Internet homepage settings;
- B. inserts a new advertising toolbar onto consumers' Internet browsers;
- C. generates numerous "pop up" advertisements on consumers' computer screens

       when consumers' Internet browsers are closed;

D.   adds advertising icons to the computer's desktop;

E.   tampers with, disables, or otherwise alters the performance of other programs, including anti-spyware and anti-virus programs;

F.   alters Internet browser security settings, including the list of safe or trusted websites; or

G.   installs other advertising Software on consumers' computers.

### III. PROHIBITIONS ON DECEPTIVE MARKETING

**IT IS FURTHER ORDERED** that in connection with the marketing, distributing, or sale of, or the provision of customer support for, any goods or services, Defendant, as well as its Representatives, are hereby permanently restrained and enjoined from:

A.   Using any domain names that have been registered using false or incomplete information;

B.   Claiming that they place advertisements on behalf of, or otherwise represent, individuals or entities, unless they possess written authorization to represent such individuals or entities;

C.   Misrepresenting, directly or by implication, to any potential purchaser of any goods or services, any material fact, including, but not limited to:

    1.   The total cost to purchase, receive, or use, or the quantity of, any goods or services that are subject to the sales offer;

    2.   Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services; or

    3.   Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

D.   Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations

- 5 -

prohibited by Paragraph C, above.

## IV. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of $163,167,539.95 is entered against Defendant, jointly and severally with any other defendants found liable in this matter. This monetary judgment shall become immediately due and payable by Defendant upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance.

B. All payments under this Paragraph shall be made by certified check or other guaranteed funds payable to the Federal Trade Commission, Financial Management Office, or by wire transfer in accordance with directions provided by the Commission. The check(s) or written confirmation of the wire transfer(s) shall be delivered to: Associate Director, Division of Marketing Practices, 600 Pennsylvania Avenue, N.W., Room 286, Washington, D.C. 20580.

C. In accordance with 31 U.S.C. § 7701, Defendant is hereby required, unless it has done so already, to furnish to the Commission its taxpayer identification number(s) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendant's relationship with the government.

D. All funds paid to the FTC pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be

reasonably related to the Defendant's practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The Defendant shall have no right to challenge the Commission's choice of remedies under this Paragraph. The Defendant shall have no right to contest the manner of distribution chosen by the Commission.

E.  Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

F.  Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## V. LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on Defendant's assets shall be lifted for the sole purpose of transferring funds pursuant to Paragraph IV above and shall be dissolved upon transfer of all such funds to the Commission.

## VI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for purposes of monitoring and investigating compliance with any provision of this Order:

A.  Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. having its representatives pose as consumers and suppliers to Defendant, its employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however,* that no thing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in structure of the Defendant or any business entity that the Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at

- 8 -

      least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which the Defendant learns less than thirty (30) days prior to the date such action is to take place, the Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall include, but not be limited to:

    1.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;"

    2.    Any other changes required to be reported under Subsection A of this Section.

C.    The Defendant shall notify the Commission of the filing of a bankruptcy petition by the Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

    Associate Director for Enforcement  
    Federal Trade Commission  
    600 Pennsylvania Avenue, N.W., Room NJ-2122  
    Washington, D.C. 20580  
    RE: <u>FTC v. Innovative Marketing, Inc., et al.</u>, Civil No. 08-CV-0233

    *Provided* that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: <u>DEBrief@ftc.gov</u>.

E.  For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Defendant.

## VIII. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant, for any business that Defendant directly or indirectly controls, or in which Defendant has a majority ownership interest, is hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.  Records reflecting contact information and a detailed payment history for all persons and entities engaged in the marketing, sale, distributing, or installing of Software at the direction of, or for the benefit of, the Defendant;

F.  Copies of all scripts and training materials used in connection with the training of staff engaged in customer support; and

G.  All records and documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## IX. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A.  The Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Paragraph A. of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.  Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## X. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that the Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

## XII. ENTRY OF JUDGMENT

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Order immediately.

**SO ORDERED,** this 24TH day of FEBRUARY, 2010, at Baltimore, Maryland.

_____
The Honorable Richard D. Bennett
United States District Judge

- 12 -