**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

---------------------------------------------------------------
| | |
|---|---|
| Federal Trade Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No.: RDB 08-CV-3233 |
| | ) |
| Innovative Marketing, Inc., *et al.*, | ) |
| | ) |
| Defendants, | ) |
| AND | ) |
| | ) |
| Maurice D'Souza, | ) |
| | ) |
| Relief Defendant. | ) |
---------------------------------------------------------------

## **DEFENDANT KRISTY ROSS' MOTION TO REOPEN**
## **DISCOVERY ON A LIMITED BASIS**

Defendant Kristy Ross, by her undersigned attorneys, hereby moves the Court to reopen discovery for the limited purpose of serving a subpoena on McAfee, Inc. ("McAfee") and confirming that the subpoena sent to Mr. Dirk Kollberg by email on October 5, 2010, the last date of open discovery in this case, was sent in a timely manner. In support of her motion Ms. Ross states as follows:

1. On May 27, 2010, at the request of the Federal Trade Commission ("FTC"), the Court stayed discovery for 60 days because Plaintiff, FTC and Defendant D'Souza were exploring settlement discussions (Dkt. 170).

2. On July 21, 2010, at Defendant D'Souza's request, the Court stayed discovery for an additional 60 days (Dkt. 172).

3. Pursuant to the Revised Scheduling Order, entered on September 22, 2010, discovery resumed, and then closed on October 5, 2010 (Dkt. 175).

4. The final week of discovery was a busy one for counsel with the deposition of Scott Ellis, expert witness for Ms. Ross taking place in Chicago on

September 30, 2010 and the deposition of a representative for Value Click, a third party witness, occurring in San Francisco on October 5, 2010.

5.      Counsel for Ms. Ross travelled to Hamburg, Germany and, on October 4, 2010, deposed Mr. Dirk Kollberg, a German citizen who appeared by consent for his deposition in this matter.  Because Mr. Kollberg's appearance was consensual rather than compelled through diplomatic process, it was Mr. Kollberg who determined when and where he was willing to be deposed and counsel conformed themselves to his schedule.

6.      Mr. Kollberg is relevant to this case because he was the individual who, while employed by McAfee, between approximately November 2008 and April 2009, gathered a staggering 63 gigabytes of material, much of which the FTC seeks to rely upon as evidence in this case.  Mr. Kollberg has since been terminated from his position at McAfee which, according to Mr. Kollberg, was due to McAfee downsizing its work force.  Mr. Kollberg obtained this information by accessing 7 or 8 servers which had, at one time, been registered to Innovative Marketing ("IMI"), as well as by accessing 38 other servers which purportedly hosted IMI materials.  Included in the information Mr. Kollberg compiled were copies of various security software products allegedly marketed by IMI.  These programs are a source of contention between the FTC and defendant Ross with the FTC's expert witness taking the position that the software programs did not function appropriately and Ms. Ross' expert witness opining that the certain of these products functioned in a legitimate manner.  A further point of contention between Ms. Ross and the FTC is the method by which Mr. Kollberg, while employed by McAfee, went about gathering this information which is relevant to the authenticity and admissibility of the material.

7.      During Mr. Kollberg's deposition, Mr. Kollberg stated that during his employment with McAfee, from about November 2008 to April 2009, he was engaged in the process of gathering materials that he eventually provided to the FTC for use in this case.  Mr. Kollberg stated that during this process he corresponded about his information gathering with individuals at McAfee but stated that he did not recall all of his specific contacts.  Mr. Kollberg further stated that another individual who did not work at McAfee also sent him information allegedly relevant to IMI although Mr. Kollberg declined to

name this individual.[1]

8.     Counsel for Ms. Ross believes that a subpoena directed to McAfee and the subpoena served on Kollberg himself by email on October 5, 2010[2], might reasonably be expected to yield information regarding Mr. Kollberg's investigation of IMI including providing support or contradiction for Mr. Kollberg's explanation about how he was able to obtain what is arguably internal corporate IMI material and to what extent, if at all, his methodology should be trusted to have resulted in authentic admissible documentation and executable files some of which the FTC will likely rely upon in this case. A copy of the proposed subpoena for McAfee and the subpoena that was sent to Mr. Kollberg are attached hereto as Exhibits 1 and 2, respectively, for reference.

9.     This motion is not made for the purpose of delay, nor is it to correct a failure to be diligent. Prior to Mr. Kollberg's October 4, 2010 deposition, counsel for Ms. Ross had no reason to believe that McAfee or Mr. Kollberg would have the requested relevant information. On October 5, the day after Mr. Kollberg's deposition, counsel for Ms. Ross, despite traveling back from Germany and attending the ValueClick deposition by phone, caused a subpoena to Mr. Kollberg to be drafted and sent by email and a subpoena to McAfee to be drafted. The subpoena to McAfee could not be delivered because counsel was unable to locate an individual at McAfee who was authorized to accept service of the subpoena.

10.    Counsel for Ms. Ross has been in contact with attorneys from the FTC and has, along with counsel for Marc D'Souza, tentatively agreed upon a schedule for the filing of dispositive motions in this case. Ms. Ross does not oppose that scheduling order being entered despite the existence of the instant motion. Mr. D'Souza does not object to the relief this motion seeks, though the FTC informs Ms. Ross's counsel that it opposes this motion.

---

[1] The FTC has offered to omit materials gathered by the unmanned Kollberg associate from their evidence. However, counsel for Ms. Ross maintains an interest in the manner in which Mr. Kollberg proceeded in his investigation.

[2] Counsel for Ms. Ross understands that Mr. Kollberg is not compelled to comply with this subpoena but would ask that he do so voluntarily in the same manner as he has voluntarily appeared to be deposed in the case. Ms. Ross counsel believes that the subpoena to Mr. Kollberg was validly issued as it was sent to Mr. Kollberg on October 5 when discovery in the case was still open but seeks clarification that this subpoena was not time barred.

WHEREFORE, Defendant Kristy Ross respectfully requests the Court to reopen discovery for the limited purpose of serving a subpoena in the form attached as Exhibit 1 on McAfee and confirming the timeliness of the subpoena attached as Exhibit 2 which was sent by email to Mr. Kollberg on October 5, 2010.

Dated:   October 12, 2010                    WINSTON & STRAWN LLP

                                             _____

                                             Dan K. Webb, *pro hac vice*
                                             Thomas L. Kirsch II, *pro hac vice*
                                             Winston & Strawn LLP
                                             35 West Wacker Drive
                                             Chicago, Illinois 60601
                                             (312) 558-5600
                                             dwebb@winston.com
                                             tkirsch@winston.com


                                              /s/ *Carolyn Gurland*

                                             Carolyn Gurland, *pro hac vice*
                                             2731 North Mildred Avenue
                                             Chicago, Illinois 60614
                                             cgurland@comcast.net


                                             *Attorneys for Defendant Kristy Ross*

## **CERTIFICATE OF SERVICE**

  I, Carolyn Gurland, hereby certify that in accordance with Fed. R. Civ. P. 5(a) a true and correct copy of the foregoing **MOTION TO REOPEN DISCOVERY ON A LIMITED BASIS** was filed and served on all counsel of record via filing in the U.S. District Court for the District of Maryland Case Management/Electronic Case Filing (CM/ECF) system on October 12, 2010.

              /s/ *Carolyn Gurland*

# Exhibit 1

Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

|  |  |
|---|---|
| v. | **SUBPOENA IN A CIVIL CASE** |
|  | Case Number:[1] |

TO:

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA ATTACHMENT

Unless otherwise stated, the relevant time period for the records and documents to be produced herein is August 2008 through June 2009.

## DEFINITIONS

As used herein:

1.      The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term includes:

   a.   The complete original and any non-identical copy, regardless of origin or location, or copies, if originals are not available, of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, articles, papers, books, records, returns, reports, checks, letters, photographs, tangible things, written communications, telegrams, cables, telex messages, electronic mail ("email'), facsimile transmissions, messages, memoranda, notes, notations, interoffice communications, work papers, newspapers, transcripts, minutes, reports and recordings of oral communications, conferences, or other meetings, affidavits, statements, evaluations, contracts, agreements, agendas, bulletins, notices, announcements, advertisements, photographs, charts, sketches, manuals, brochures, publications, schedules, tape recordings, journals, statistical records, desk calendars, appointment books, diaries, lists and tabulations.
   b.   Sound recordings, computer printouts, data processing program libraries, data processing input and output, microfilm, books of account, records and invoices reflecting business or governmental operations, all records kept by electronic, photographic, or mechanical means, and any notes or drafts relating to the foregoing.
   c.   Any information stored on any desktop personal computers ("PCs") and workstations, laptops, notebooks, and other portable computers or personal digital assistants, whether assigned to individuals or in pools of computers available for shared use; home computers used for work-related purposes; back-up disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another computer facility or stored off-site by a third-party, such as in a disaster recovery center; and computers and related offline storage used by agents, consultants, and other persons as defined herein,

    which may include persons who are not employees of the company or who do not work on company premises.

2. Data compilations include information stored in, or accessible through, computer or other information retrieval systems, together with all instructions or other material necessary to use or interpret such data compilations.

3. The terms "and" and "or" are conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.

4. The use of the words "include(s)" and "including" means "without limitation."

5. "Relate" and "relating to" shall mean about, discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, referring to, or pertaining to, in whole or in part.

6. "Requested" shall mean appealed to, asked for, called for, demanded, inquired to or of, or solicited.

7. The "Court" shall mean Federal District Court in Baltimore, Maryland.

8. The term "You" or "Your" shall mean McAfee, Inc., including but not limited to its predecessors, parent, divisions, affiliates, subsidiaries (whether wholly or partially owned), unincorporated divisions, joint ventures, operations under assumed names, and all directors, officers, employees, agent, consultants, representatives, and other person or entity working for or on behalf of the foregoing.

## **INSTRUCTIONS**

1. Production of Copies:  Unless otherwise stated, legible photocopies may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this subpoena.  Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce the copy into evidence in an proceeding or court of law; and provided further that you shall retain the original documents and produce them in this matter upon request of an authorized party.

2. You may send via Federal Express or other overnight courier, all responsive documents to: Carolyn Gurland 2731 North Mildred Avenue, Chicago, IL  60614.

3.     With respect to every document you refuse to divulge based on a claim of privilege, identify:

    a.   the date appearing on the document, or, if no date appears, the date on which the document was prepared;
    b.   the person(s) to whom the document was addressed;
    c.   each person, other than the addressee(s) identified in part b above, to whom the document, or a copy thereof, was sent or shown or with whom the document was discussed;
    d.   the person)s) who signed the document, or, if not signed, the person(s) who prepared it;
    e.   each person making any contribution to the authorship of the document;
    f.   the job title or position of each person identified in part b, c, d, or e above;
    g.   the date the document was received or discussed by each of the persons identified in part b or c above;
    h.   the general nature of the document and the number of pages of which it consists; and
    i.   the person(s) who has (have) custody of the document.

4.   Documents or data compilations responsive to more than one category of documents to be produced need only be produced once.

## **DOCUMENTS TO BE PRODUCED**

1.     Any and all email or other correspondence between Dirk Kollberg and any other McAfee employee from August 2008 through June 2009 related to the investigation of Innovative Marketing, its principals, or any other related investigation.

Exhibit 2

# CAROLYN P. GURLAND
**2731 North Mildred Avenue**
**Chicago, IL 60614**

October 5, 2010

<u>Via Email</u>
Dirk Kollberg
dkollberg@googlemail.com


   Re: <u>FTC v. Innovative Marketing, Inc., et al</u> (Civ. No. 08-CV-3233 RDB)


Dear Mr. Kollberg:

  In connection with your agreement to appear voluntarily as a witness in these proceedings, attached please find a subpoena for additional information that we were able to determine we needed in connection with your deposition on October 4, 2010 in Hamburg, Germany.  I have chosen a date for production of the requested documents that is convenient for me, but I am willing to work with you to find a date that is mutually convenient.  If you have any questions or concerns, please contact me at 312-420-9263.  Thank you in advance for your assistance and cooperation in this matter.


           Sincerely,


           Carolyn Gurland

Issued by the

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

|  |  |
|---|---|
| _____ v. _____ | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] |

TO:

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |
| ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER | |
|  | |

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SUBPOENA ATTACHMENT**

Unless otherwise stated, the relevant time period for the records and documents to be produced herein is August 2008 through June 2009.

**DEFINITIONS**

As used herein:

1.      The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term includes:

   a.   The complete original and any non-identical copy, regardless of origin or location, or copies, if originals are not available, of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, articles, papers, books, records, returns, reports, checks, letters, photographs, tangible things, written communications, telegrams, cables, telex messages, electronic mail ("email'), facsimile transmissions, messages, memoranda, notes, notations, interoffice communications, work papers, newspapers, transcripts, minutes, reports and recordings of oral communications, conferences, or other meetings, affidavits, statements, evaluations, contracts, agreements, agendas, bulletins, notices, announcements, advertisements, photographs, charts, sketches, manuals, brochures, publications, schedules, tape recordings, journals, statistical records, desk calendars, appointment books, diaries, lists and tabulations.
   b.   Sound recordings, computer printouts, data processing program libraries, data processing input and output, microfilm, books of account, records and invoices reflecting business or governmental operations, all records kept by electronic, photographic, or mechanical means, and any notes or drafts relating to the foregoing.
   c.   Any information stored on any desktop personal computers ("PCs") and workstations, laptops, notebooks, and other portable computers or personal digital assistants, whether assigned to individuals or in pools of computers available for shared use; home computers used for work-related purposes; back-up disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another computer facility or stored off-site by a third-party, such as in a disaster recovery center; and computers and related offline storage used by agents, consultants, and other persons as defined herein,

        which may include persons who are not employees of the company or who do not work on company premises.

2.     Data compilations include information stored in, or accessible through, computer or other information retrieval systems, together with all instructions or other material necessary to use or interpret such data compilations.

3.     The terms "and" and "or" are conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.

4.     The use of the words "include(s)" and "including" means "without limitation."

5.     "Relate" and "relating to" shall mean about, discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, referring to, or pertaining to, in whole or in part.

6.     "Requested" shall mean appealed to, asked for, called for, demanded, inquired to or of, or solicited.

7.     The "Court" shall mean Federal District Court in Baltimore, Maryland.

## **INSTRUCTIONS**

1.     Production of Copies: Unless otherwise stated, legible photocopies may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this subpoena. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce the copy into evidence in an proceeding or court of law; and provided further that you shall retain the original documents and produce them in this matter upon request of an authorized party.

2.     You may send via Federal Express or other overnight courier, all responsive documents to: Carolyn Gurland 2731 North Mildred Avenue, Chicago, IL 60614.

3.      With respect to every document you refuse to divulge based on a claim of privilege, identify:

   a.   the date appearing on the document, or, if no date appears, the date on which the document was prepared;
   b.   the person(s) to whom the document was addressed;
   c.   each person, other than the addressee(s) identified in part b above, to whom the document, or a copy thereof, was sent or shown or with whom the document was discussed;
   d.   the person)s) who signed the document, or, if not signed, the person(s) who prepared it;
   e.   each person making any contribution to the authorship of the document;
   f.   the job title or position of each person identified in part b, c, d, or e above;
   g.   the date the document was received or discussed by each of the persons identified in part b or c above;
   h.   the general nature of the document and the number of pages of which it consists; and
   i.   the person(s) who has (have) custody of the document.

4.   Documents or data compilations responsive to more than one category of documents to be produced need only be produced once.

## DOCUMENTS TO BE PRODUCED

1.      Any and all email or other correspondence between Dirk Kollberg and any other individual, whether or not employed by McAfee, from August 2008 through June 2009 related to the investigation of Innovative Marketing, its principals, or any other related investigation.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

----------------------------------------------------------------
| | )
Federal Trade Commission, | )
| )
               Plaintiff, | )
| )
  v. | )  Civil No.: **08-CV-3233 RDB**
| )
Innovative Marketing, Inc., *et al*., | )  Defendant Kristy Ross' Notice
| )  of Service of Subpoena for
               Defendants, | )  Production of Documents
AND | )
| )
Maurice D'Souza, | )
| )
               Relief Defendant. | )
----------------------------------------------------------------

## DEFENDANT KRISTY ROSS'S NOTICE OF SERVICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Attorneys for Defendant Kristy Ross will serve a subpoena for documents of the third party witness Dirk Kollberg on October 5, 2010.

PLEASE TAKE FURTHER NOTICE that the document production will be conducted pursuant to the subpoena to Mr. Kollberg, a true and accurate copy of which is enclosed herewith.

Dated:  October 5, 2010                       Respectfully submitted:

                                                          */s/ Carolyn Gurland*     .
                                                      Carolyn Gurland, *pro hac vice*
                                                      2731 North Mildred Avenue
                                                     Chicago, IL 60614
                                                     cgurland@comcast.net
                                                     *Attorney for Defendant Kristy Ross*

**Certificate of Service**

   I, Carolyn Gurland, hereby certify that I am over 18 years of age, and my business address is 2731 North Mildred Avenue, Chicago, IL 60614 and state that I caused copies of Defendant Kristy Ross' Notice of Service of Subpoena for Production of Documents along with its Exhibit to be served on October 5, 2010, by email upon the following:

Ethan Arenson
Colleen B. Robbins
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 288
Washington, D.C. 20580
(202) 326-2548
(202) 326-3395 FACSIMILE
*Counsel for the Federal Trade Commission*

Garret Rasmussen
Michael Madigan
Orrick
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
*Counsel for Marc and Maurice D'Souza*

                     /s/ Carolyn Gurland   .
                  Carolyn Gurland