## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Federal Trade Commission**<br><br>    **Plaintiff,**<br><br>v.<br><br>**Innovative Marketing, Inc.,** *et al.*<br><br>    **Defendants,**<br><br>AND<br><br>**Maurice D'Souza**<br><br>    **Relief Defendant.** | Civil No.: 08-CV-3233-RDB |

### STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO MARC D'SOUZA AND MAURICE D'SOUZA

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), filed its Complaint against defendants Innovative Marketing, Inc., also d/b/a Billingnow, BillPlanet PTE Ltd., Globedat, Innovative Marketing Ukraine, Revenue Response, Sunwell, Synergy Software BV, Winpayment Consultancy SPC, Winsecure Solutions, and Winsolutions FZ-LLC; ByteHosting Internet Services, LLC; James Reno, individually, d/b/a Setupahost.net, and as an officer of Bytehosting Internet Services, LLC; Sam Jain, individually and as an officer of Innovative Marketing, Inc.; Daniel Sundin, individually, d/b/a Vantage Software and Winsoftware, Ltd., and as an officer of Innovative Marketing, Inc.; Marc D'Souza, individually, d/b/a Web Integrated Net Solutions, and as an officer of Innovative Marketing, Inc.; Kristy Ross, individually and as an officer of Innovative Marketing, Inc; and relief defendant Maurice D'Souza for injunctive and other equitable relief in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53(b), on December 2, 2008. The Court ordered an *ex parte* Temporary Restraining Order on the same day, and a Preliminary Injunction was entered on December 15, 2008. The Commission and defendant Marc D'Souza and relief defendant Maurice D'Souza, hereby stipulate to the entry of, and request the Court to enter, this Stipulated Final Order for Permanent Injunction and Monetary Judgment as to defendant Marc D'Souza and relief defendant Maurice D'Souza ("Order"), to

resolve all matters of dispute between them in this action.

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of this case, and has jurisdiction over Marc D'Souza and Maurice D'Souza pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2. Venue is proper as to Marc D'Souza and Maurice D'Souza in this District pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3. The activities alleged in the complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4. The facts that the FTC has stated in its complaint, if true, would state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

5. Marc D'Souza and Maurice D'Souza have entered into this Order freely and without coercion and without admitting fault, wrongdoing or liability as part of an agreed settlement, and they acknowledge that they have read the provisions of this Order and are prepared to abide by them;

6. Nothing in this Order shall be construed as a waiver of Marc D'Souza and Maurice D'Souza's rights under the Fifth Amendment to the United States Constitution;

7. The undersigned, individually and by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order;

8. Marc D'Souza and Maurice D'Souza waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order and waive and release any claim they may have against the Commission, its employees, representatives, or agents;

9. Marc D'Souza and Maurice D'Souza agree that this Order does not entitle them to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act,

   28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and they further waive any rights to attorneys' fees that may arise under said provision of law;

10. This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment; and

11. Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Defendants"** means Marc D'Souza and Maurice D'Souza, both individually and doing business as Web Integrated Net Solutions, Billingnow, Billplanet Pte. Ltd., Synergy Software BV, Winpayment Consultancy SPC, Winsecure Solutions, and Winsolutions FZ-LLC.

2. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of either of the Defendants, or held for the benefit of either of the Defendants, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of either of the Defendants.

3. **"Computer Security Software"** means any Software that purports to diagnose, protect against, remove, disable or otherwise counter: viruses, trojan horses, spyware or other malicious Software; system errors; pornography; privacy violations; unwanted files; slow system performance, or other threats.

4. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs,

charts, Internet sites, Web pages, Web sites, electronically-stored information, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data stored in any medium from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

5. **"Representatives"** means such officers, agents, directors, servants, employees, independent contractors, and all other persons or entities in active concert or participation with Defendant Marc D'Souza who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division or other device.

6. **"Software"** means any file, program, application, content, code or set of instructions that controls, directs, or assists in the operation of a computer or other electronic device and/or instructs a computer or other electronic device as to what tasks to perform.

## CONDUCT PROHIBITIONS

### I. BAN ON THE MARKETING AND SALE OF SOFTWARE THAT INTERFERES WITH CONSUMERS' COMPUTER USE

**IT IS FURTHER ORDERED** that Marc D'Souza, as well as his Representatives, are permanently restrained and enjoined from, directly or indirectly, engaging or participating in the marketing, distributing, installing, downloading, providing customer support for, offering for sale, or sale of any Software that interferes with a consumer's computer use, including but not limited to Software that:

A. changes consumers' preferred Internet homepage settings;

B. generates numerous "pop up" advertisements on consumers' computer screens when consumers' Internet browsers are closed;

C. tampers with, disables, or otherwise alters the performance of other programs, including anti-spyware and anti-virus programs; or

D. alters Internet browser security settings, including the list of safe or trusted websites.

## II. PROHIBITION ON MISPRESENTATIONS IN CONNECTION WITH COMPUTER SECURITY SOFTWARE

**IT IS FURTHER ORDERED** that Marc D'Souza and his Representative are permanently restrained and enjoined from directly or indirectly making material misrepresentations in connection with the marketing, distributing, sale, or provision of customer support for Computer Security Software, including but not limited to misrepresenting, expressly or by implication, that: (1) a computer scan or any other type of remote or local computer analysis has been performed, including but not limited to claims that a computer has been scanned or otherwise analyzed for viruses, spyware, pornography, or system errors; or (2) security or privacy problems have been detected on a computer, including but not limited to claims that a computer contains viruses, spyware, pornography, or system errors.

## III. PROHIBITIONS ON UNFAIR OR DECEPTIVE MARKETING

**IT IS FURTHER ORDERED** that in connection with the marketing, distributing, or sale of, or the provision of customer support for, any goods or services, Marc D'Souza and his Representatives, are hereby permanently restrained and enjoined from:

A. Using any domain names that have been registered using false or incomplete information;

B. Claiming that they place advertisements on behalf of, or otherwise represent, individuals or entities, unless they possess written authorization to represent such individuals or entities;

C.  Inserting an advertising toolbar onto consumers' Internet browsers in a deceptive or unfair manner;

D.  Adding advertising icons to a computer's desktop in a deceptive or unfair manner;

E.  Installing advertising Software on consumers' computers in a deceptive or unfair manner;

F.  Misrepresenting, directly or by implication, to any potential purchaser of any goods or services, any material fact, including, but not limited to:

1.  The total cost to purchase, receive, or use, or the quantity of, any goods or services that are subject to the sales offer;

2.  Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services; or

3.  Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

G.  Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations prohibited by Paragraphs A-F, above.

## IV. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of $8,272,962 is hereby entered against the Defendants, jointly and severally, payable to the FTC as follows:

1)  Defendants shall, within ten business days of entry of this Order, pay $7,272,962 to the FTC. Of this total, five million dollars ($5,000,000) will originate from the Escrow Account created pursuant to an Escrow Agreement Between Innovative Marketing, Inc., Web Integrated Net Solutions, Inc. and Claridges Trust Company dated October 2008 ("Escrow Account") pursuant to the September 2010 decision of the

arbitrator ("the Decision"), which directs the Escrow Agent to release five million dollars ($5,000,000) plus interest thereon from the date of the arbitration decision, to the FTC "at such time as a fully executed settlement agreement between the FTC and Marc D'Souza and Maurice D'Souza in the matter of Action No. RDB 08-CV-3233 is presented to the Escrow Agent." The remaining balance of the $7,272,962 due to the FTC will be paid from the escrow account of Orrick, Herrington & Sutcliffe LLP ("OHS Escrow").

2) Defendants shall pay to the FTC all funds remaining in the Escrow Account created pursuant to the Decision after payment of all Canadian tax liabilities of the D'Souza Defendants relating to Innovative Marketing, Inc., Web Integrated Net Solutions Inc., or any company affiliated with these two entities ("Canadian Tax Liability") within ten days of satisfaction of the Canadian Tax Liability.

3) Defendants shall pay to the FTC on the first day of the seventh month after entry of this Order or within ten days of satisfaction of the Canadian Tax Liability, whichever comes first, a one-time payment equal to the difference between all payments made pursuant to sub-paragraphs A(1) - A(2) and $8,272,962 (*i.e.* $8,272,962 - [all payments made pursuant to sub-paragraphs A(1) - A(2)] = amount due and owing to the FTC).

4) Defendants shall transfer, within five days of entry of this Order, the sum of one million dollars ($1,000,000) from the OHS Escrow into the Court Registry. In the event that the payments required of Defendants in sub-paragraphs A(1) - A(3) have not been made in full, the Clerk of the Court Registry shall transfer the amount remaining on the Judgment from the Court Registry (*i.e.* $8,272,962 - [all payments made pursuant to sub-

paragraphs A(1) - A(3)]) to the FTC within 10 days of being advised in writing by the FTC that Defendants have failed to make the required transfers as required under sub-paragraphs A(1) - A(3). In the event that the Court denies the request to create an account in the Court's Registry for purposes of this sub-paragraph, the Defendants shall, within 5 days of any such denial, transfer the sum of one million dollars ($1,000,000) from the OHS Escrow into an independent Third-Party Escrow account acceptable to both the Defendants and the FTC ("Third-Party Escrow") and maintain such amount in the account until Defendants have satisfied the obligations set forth in sub-paragraphs A(1) - (A)(3). Should a Third-Party Escrow be necessary, Defendants bear sole responsibility for establishing the Third-Party Escrow and paying all expenses associated with creating and maintaining the account. In the event that the payments required of Defendants in sub-paragraphs A(1) - A(3) have not been made in full, the Third-Party Escrow shall transfer the amount remaining on the Judgment (*i.e.* $8,272,962 - [all payments made pursuant to sub-paragraphs A(1) - A(3)]) to the FTC within 10 days of being advised in writing by the FTC that Defendants have failed to make the required transfers as required under sub-paragraphs A(1) - A(3).

5) The monetary liability of Marc and Maurice D'Souza pursuant to Section IV(A) of this Order shall not exceed $8,272,962. In the event Marc and Maurice D'Souza have paid $8,272,962 to the FTC prior to the expiration of the payment schedule set forth in sub-paragraphs A(1) - A(3), no further payments shall be due, and the Court Registry or Third-Party Escrow shall transfer any remaining balance of funds placed pursuant to subparagraph A(4) to Defendants within 10 days of being advised in

writing by the FTC that Defendants have satisfied the Judgment.

B. All payments under this Section shall be made by certified check or other guaranteed funds payable to the Federal Trade Commission, Financial Management Office, or by wire transfer in accordance with directions provided by the Commission. The check(s) or written confirmation of the wire transfer(s) shall be delivered to: Associate Director, Division of Marketing Practices, 600 Pennsylvania Avenue, N.W., Room 286, Washington, D.C. 20580.

C. In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identification numbers (social security number or employer identification number) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

D. All funds paid to the FTC pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The Defendants shall have no right to challenge the Commission's choice of remedies under this Section. The Defendants shall have no right to contest the manner of distribution chosen by the Commission.

E. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for

       return of the funds, directly or indirectly, through counsel or otherwise.

F.     Defendants shall not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal, state, or foreign tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable tax treatment for, any payments by one or more of the Defendants pursuant to Section IV of this Order. Defendants further agree they will not seek a credit or refund of any kind for taxes or penalties paid for tax years 2003-2009. However, if the Defendants otherwise obtain a credit or refund of any taxes or penalties paid for tax years 2003-2009, the Defendants shall promptly pay the Commission the amount of such credit or refund, together with any interest the Defendants have earned in connection with any such credit or refund.

G.     Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## V. LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on Defendants' assets shall be lifted for the sole purpose of transferring funds pursuant to Section IV above and shall be dissolved upon Defendants' satisfaction of the requirements of Sections IV(A)(1).

## VI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for purposes of monitoring and investigating compliance with any provision of this Order:

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Marc D'Souza shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry

       during normal business hours to any business location in Defendant Marc D'Souza's possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to use all other lawful means, including but not limited to:

    1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.    having its representatives pose as consumers and suppliers to Defendant Marc D'Souza, his employees, or any other entity managed or controlled in whole or in part by him, without the necessity of identification or prior notice; and

C.    Defendant Marc D'Souza shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

    1.    Defendant Marc D'Souza shall notify the Commission of the following:

        a.    any changes in his residence, mailing addresses, and telephone

- 11 -

          numbers, within ten (10) days of the date of such change;

      b.    any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

      c.    any changes in his name or use of any aliases or fictitious names.

2.    Defendant Marc D'Souza shall notify the Commission of any changes in any business entity that he directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which he learn less than thirty (30) days prior to the date such action is to take place, he shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five years, Defendant Marc D'Souza shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied

and is complying with this Order. This report shall include, but not be limited to:

1. Defendant Marc D'Souza's then-current residence address, mailing addresses, and telephone numbers;

2. Defendant Marc D'Souza's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment;

3. Any other changes required to be reported under Paragraph A of this Section; and

4. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order."

C. Defendant Marc D'Souza shall notify the Commission of the filing of a bankruptcy petition within fifteen (15) days of filing.

D. For the purposes of this Order, Defendant Marc D'Souza shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE: FTC v. Innovative Marketing, Inc., et al., Civil No. 08-CV-0233

*Provided* that, in lieu of overnight courier, Defendant Marc D'Souza may send such reports or notifications by first-class mail, but only if he contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Defendant Marc D'Souza.

## VIII. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant Marc D'Souza, for any business that he directly or indirectly controls, or in which he has a majority ownership interest, is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E. Records reflecting contact information and a detailed payment history for all persons and entities engaged in the marketing, sale, distributing, or installing of Software at the direction of, or for the benefit of, the Defendants;

F. Copies of all scripts and training materials used in connection with the training of staff engaged in customer support; and

G.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

### IX. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant Marc D'Souza shall deliver copies of the Order as directed below:

A.  Defendant as Control Person: For any business directly or indirectly controlled by Marc D'Souza, or in which he has a majority ownership interest, he must deliver a copy of this Order to: (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Paragraph A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant Marc D'Souza. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Paragraph A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.  Defendant as employee or non-control person: For any business where Defendant Marc D'Souza is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, he must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.  Defendant Marc D'Souza must secure a signed and dated statement

- 15 -

acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

### X. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that the Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XIII. ENTRY OF JUDGMENT

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Order immediately.

**SO ORDERED**, this _____ day of _____, 2010, at Baltimore, Maryland.

_____
The Honorable Richard D. Bennett
United States District Judge

STIPULATED AND AGREED TO BY:

_____  Dated: 10/29/10
Marc D'Souza

_____  Dated: 11/02/10
Maurice D'Souza

_____  Dated: 10/29/10
Garret Rasmussen
Jonathan Direnfeld
Orrick, Herrington & Sutcliffe LLP
Attorneys for Marc and Maurice D'Souza
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8481; (202) 339-8614

- 17 -

_____       Dated: 12/29/10
Colleen Robbins
Paul Spelman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2204; (202) 326-2548

## XIII. ENTRY OF JUDGMENT

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Order immediately.

SO ORDERED, this __10th__ day of __JANUARY__, 20__11__, at Baltimore, Maryland.

_____
The Honorable Richard D. Bennett
United States District Judge

STIPULATED AND AGREED TO BY:

_____   Dated: 10/29/10
Marc D'Souza

_____   Dated: 11/02/10
Maurice D'Souza

_____   Dated: 10/29/10
Garret Rasmussen
Jonathan Direnfeld
Orrick, Herrington & Sutcliffe LLP
Attorneys for Marc and Maurice D'Souza
1152 15th Street, N.W.
Washington, D.C. 20005-1706
(202) 339-8481; (202) 339-8614