# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

------------------------------------------------------------

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Richard D. Bennett |
| | ) | |
| v. | ) | Civil No.: RDB 08-CV-3233 |
| | ) | |
| INNOVATIVE MARKETING, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

------------------------------------------------------------

## KRISTY ROSS' REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE SURREPLY AND RESPONSE TO THE FTC'S SUPPLEMENTAL STATEMENT OF FACTS

Defendant Kristy Ross ("Ms. Ross") submits her Reply in Support of her Motion for Leave to File Surreply and Response to the FTC's Supplemental Statement of Facts ("Motion for Leave").  In support of her Motion for Leave, Ms. Ross states as follows:

### INTRODUCTION

In addition to offering a number of new arguments in its Reply in Support of Summary Judgment (the "FTC's SJ Reply"), the FTC filed an entirely new volume of exhibits consisting of 273 pages, a supplement statement of material facts containing 32 paragraphs of new "material facts," as to which the FTC contends there is no dispute, including an affidavit from the FTC's investigator executed on January 13, 2011 – almost a month *after* Ms. Ross filed her Response.

Consequently, because the FTC did not include this evidence and argument in its original motion, and thereby prohibited Ms. Ross from addressing those issues, Ms.

Ross requests leave to file:  (1) a Surreply; and (2) a Response to the FTC's 32

Supplemental Facts.  (Copies of Ms. Ross' proposed Surreply and proposed Response to

the FTC's supplemental facts are attached to Ms. Ross' opening motion as Exhibit 1 and

Exhibit 2, respectively.)

The FTC opposes the Motion for Leave to the extent that Ms. Ross seeks to file a

Surreply.  The FTC apparently does not object to Ms. Ross' request to respond to its

Supplemental Facts, because in its Response to the Motion for Leave, the FTC did not

address Ms. Ross' request at all.  Because the FTC did not object to Ms. Ross' request to

file a Response to the FTC's Supplemental Facts, the Motion for Leave should be

granted on that request without further deliberation.  As will be explained below, the

Court also should grant Ms. Ross' request to file a Surreply.

## ARGUMENT

The FTC 's only real objection to Ms. Ross' request to file a Surreply, it seems, is

that it believes Ms. Ross' proposed Surreply is nothing more than an attempt to get the

last word.  Specifically, the FTC characterizes Ms. Ross' Surreply as being focused on

the existence (or non-existence as it turns out)[1] of a profit sharing agreement between

Ms. Ross and IMI.  In truth, however, the filing of the Motion for Leave, and proposed

Surreply, was necessitated by: (1) the 32 Supplemental Material Facts and (2) the 273

pages of new exhibits (including an affidavit from the FTC's investigator executed

---

[1] Although the FTC alleges that Ms. Ross' counsel "affirmatively (mis) represented that she did not have a profit-sharing agreement", (FTC Motion, p. 2), the fact is that there is no evidence that Ms. Ross had a profit sharing agreement with IMI.  The so-called "actual evidence" of such agreement presented by the FTC (and not specified in the FTC Motion) consisted merely of documents in which Jain and D'Souza, in the context of the Canadian lawsuit, discussed various proposals for money that Ms. Ross never received.

approximately one month after Ms. Ross submitted her Response) that accompanied the FTC's SJ Reply.  This material presented numerous arguments based on evidence never discussed in the FTC's Summary Judgment Motion.

Examples of evidence referred to for the first time in the FTC's SJ Reply include: (1) chat logs on the topic of whether Ms. Ross was entitled to money taken by D'Souza; (2) emails regarding distributions from IMI; (3) a chat log that purportedly indicates that Ms. Ross and Sam Jain were to make a decision together on a specific topic; (3) emails in which Ms. Ross stated that she could keep spyware products out of the database used by IMI software; (4) supposed information that Ms. Ross "had access to" the ValueClick mediaplex system; (5) references to the testimony of FTC expert Michiel Nolet;  (6) a catalog of the number of times Ms. Ross name appeared in certain chat logs (included in the new affidavit from the FTC investigator); and (7) Ms. Ross credit card charges.

Counsel for Ms. Ross had not had an opportunity to contest any of these new matters because they were raised for the first time in the FTC's SJ Reply.   Under these circumstances, fairness dictates that Ms. Ross should be allowed to address these issues by filing a Surreply.  *See Antonio v. Security Services of America, LLC,* No. AW-05-2982, 2010 WL 2858252, *1 (D. Md. Jul 19, 2010) (granting motion for leave to file surreply reasoning that moving party was otherwise unable to contest matters presented to the court for the first time in the opposing party's reply).

As set forth in Ms. Ross' proposed Surreply and Response to the FTC's 32 Supplemental fact statements, many of the arguments raised in the FTC's SJ Reply are

misrepresentations of the evidence in this case.  A few of the most egregious examples of this practice include: (1) the FTC citing the Supplemental Report of Ms. Ross computer expert for a proposition specifically denied in the report; (2) the FTC misciting Ms. Ross' comments in chat log sections on critical points;  and (3) the FTC mischaracterizing the testimony of MyGeek/AdOn witness Geoff Gieron.  Under these circumstances it is critical that Ms. Ross be afforded the opportunity to correct the record.

As set forth in the Motion for Leave, Courts in this District routinely allow surreplies so that parties can address new arguments.  *See e.g. Tryon v. AgriNova Corp., Inc.*, No. WGC-09-329, 2011 WL 332415, at *1 (D. Md. Jan 31, 2011); *Jeffries v. Gaylord Nat. Resort and Convention Center*, No. PJM-09-1876, 2010 WL 2696649, *3 (D. Md. Jul 06, 2010); *Fluxo-Cane Overseas, Ltd v. E.D. & F. Man Sugar, Inc.*, No. WDQ-08-0356, 2010 WL 2483421, *3 (D. Md. Jun 15, 2010).

As noted above, the FTC's Response to the Motion for Leave does not address Ms. Ross' request to file a Response to the FTC's Supplemental Facts.  The FTC's failure to address this issue concedes the propriety of Ms. Ross' request.

## CONCLUSION

For the forgoing reasons, and those set forth in Ms. Ross' opening motion, the Court should grant Ms. Ross leave to file a Surreply and a Response to the FTC's Supplemental Facts.

February 18, 2011                                    Respectfully submitted,

                                                     KRISTY ROSS


Dan K. Webb, *pro hac vice*                          By:   /s/ Carolyn Gurland
Thomas L. Kirsch II, *pro hac vice*                       One of Her Attorneys
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
dwebb@winston.com
tkirsch@winston.com

Carolyn Gurland**,** *pro hac vice*
2731 N Mildred Ave
Chicago, IL 60614
Phone: 312.420.9263
Email: cgurland@comcast.net

Attorneys for Defendant Kristy Ross

## CERTIFICATE OF SERVICE

I, Carolyn Gurland, hereby certify that in accordance with Fed. R. Civ. P. 5(a) a true and correct copy of **Defendant Kristy Ross' Reply in Support of her Motion for Leave to File Surreply and Response to the FTC's Supplemental Statement f f Facts** was filed and served on all counsel of record via filing in the U.S. District Court for the District of Maryland Case Management/Electronic Case Filing (CM/ECF) system on February 18, 2011.


 /s/ *Carolyn Gurland*