IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | |
| PLAINTIFF | * | |
| V. | * | CIVIL ACTION NO.: RDB-08-3233 |
| KRISTY ROSS, | * | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The above-captioned matter is scheduled for a bench trial beginning on Monday, September 10, 2012. The factual and procedural background of this case is well known to the parties and will not be reiterated here.[1] This Memorandum Order addresses two pending motions filed in anticipation of trial. For the reasons that follow, the Plaintiff FTC's Supplemental Motion as to Consumer Redress (ECF No. 230) is GRANTED; and Defendant Kristy Ross' Motion *in limine* to Call Expert Scott Ellis as a Witness at Trial (ECF No. 236) is DENIED.[2] Each motion will be briefly addressed below.

---

[1] This Court has previously issued two opinions in this case that set forth the factual background. *See FTC v. Innovative Mktg.*, 654 F. Supp. 2d 378 (D. Md. 2009); *F.T.C. v. Kristy Ross*, 2012 WL 2126533 (D. Md. June 11, 2012).

[2] Defendant Ross has filed three additional pre-trial motions, a motion to take the deposition of a witness unavailable at trial (ECF No. 242); a motion to preclude application of an adverse inference in light of her intention to invoker her right to remain silent under the Fifth Amendment of the United States Constitution (ECF No. 240); and a motion to exclude hearsay (ECF No. 241). The motion requesting leave to take the deposition of a witness will be addressed in an upcoming teleconference with the parties. The remaining two motions are more properly considered in the context of trial, and therefore will be addressed by a separate memorandum order. However, this Court does note, that consistent with its previous statements on the record, it is highly unlikely that it will draw an adverse inference from Ms. Ross' invocation of the privilege against self-incrimination.

## I. FEDERAL TRADE COMMISSION'S SUPPLEMENTAL MOTION AS TO CONSUMER REDRESS (ECF NO. 230)

In its previous rulings in this matter, this Court concluded that the corporate defendants in this case violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) which prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."[3] Therefore, the primary issue before this Court is whether the defendant Kristy Ross may be held individually liable for those violations. To make that determination, the FTC must show that Ms. Ross "participated directly in the practices or acts or had authority to control them." *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 573 (7th Cir. 1989). If the Court concludes that Ms. Ross may be held individually liable, then it must determine the proper amount of consumer injury. In Paper number 230, the FTC argues that there exists no genuine issue of material fact with respect to the total amount of consumer injury in this case, and therefore seeks to forestall consideration of that issue at the upcoming bench trial.

Defendant Ross has taken a slightly different tack, and argues that any consideration of consumer injury is premature insofar as Ms. Ross' liability has not yet been established. Ross argues that, by granting the FTC's motion, the Court would necessarily be entering judgment against Ms. Ross for the full amount of consumer injury. *See* Def.'s Opp'n at 4, ECF No. 232. This Court does not interpret the FTC's motion in that light. Rather, the Court interprets the FTC's motion as simply seeking a ruling on an issue that need not be debated at trial. In other words, the FTC seeks a ruling setting the upper limit on the

---

[3] *See FTC v. Kristy Ross*, 2012 WL 2126533 (D. Md. June 11, 2012); Letter Order of June 12, 2012, ECF No. 229.

amount of consumer injury possibly attributable to Ms. Ross. In that case, if this Court determines that Ms. Ross was a "control person" at Innovative Marketing, then she can be held jointly and severally liable for the full amount of consumer injury.

The Court finds the FTC's approach correct and prudent. In that regard, the Court has reviewed the submissions and finds that the total amount of consumer injury calculated by the FTC—$163,167,539.95—is a proper measure of consumer injury in this case. *See FTC v. Kuykendall*, 371 F.3d 745, 765-66 (10th Cir. 2004) (calculating consumer redress in the same manner and under similar circumstances). As noted by the FTC, "[t]ypically, a court will limit individual liability only when it can be established that a defendant was involved with, or had control over, the corporate defendant for only *part* of the time that the unlawful conduct took place." Pl.'s Reply at 8, ECF No. 234 (citing cases). Therefore, the precise issue remaining in this case is Ms. Ross' level of control at Innovative Marketing. If, after hearing the evidence at trial, the Court concludes that she was not a control person, then she is not liable. If the Court concludes that she had the requisite control for only a portion of her time at the company, then she will be liable for only a portion of the total amount sought by the FTC. If, however, the Court determines that Ms. Ross was a control person from the company's inception, then she may be held jointly and severally liable for the entire $163,167,539.95. Accordingly, the FTC's Supplemental Motion as to Consumer Redress (ECF No. 230) is GRANTED. Whether Ms. Ross is liable for that amount will be determined at trial.

## II. DEFENDANT ROSS' MOTION *IN LIMINE* IN SUPPORT OF CALLING COMPUTER EXPERT SCOTT ELLIS AS A WITNESS AT TRIAL (ECF NO. 236)

In Paper number 236, Ms. Ross seeks to call a computer expert, Mr. Scott Ellis, as a witness at trial. Essentially, Ross seeks to have Ellis provide his opinion that certain of the advertisements placed by Ross were neither false nor deceptive. However, as aptly noted by the FTC, such testimony is irrelevant to the issue before the Court. As previously discussed, this Court has concluded that Innovative Marketing was engaged in deceptive advertising. If Ross had the requisite control at the company, and had sufficient knowledge[4] of the deceptive acts, then she may be held jointly and severally liable. *See FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 573 (7th Cir. 1989). Mr. Ellis' conclusion that some advertisements were not deceptive is, quite simply, of no import to the Court. Ross does not claim that Mr. Ellis has any insight into her level of control at Innovative Marketing, and he cannot possibly testify as to her state of mind during her tenure at the company.

The Court recognizes that counsel for Ms. Ross is somewhat hamstrung with a client that has consistently invoked her Fifth Amendment right against self-incrimination, and who does not intend to be present during the trial. The person best able to shed light on Ms. Ross' role at Innovative Marketing is Ms. Ross herself—but she cannot seek to extrapolate from expert testimony her own state of mind. Accordingly, Ross' Motion *in limine* to Call Computer Expert Scott Ellis as a Witness at Trial (ECF No. 236) is DENIED.

---

[4] *See FTC v. Innovative Mktg.*, 654 F. Supp. 2d 378, 386 (D. Md. 2009) (discussing the knowledge requirement for finding individual liability).

## CONCLUSION

For the reasons stated above, it is this 28th day of August, 2012 ORDERED that:

1. Federal Trade Commission's Supplemental Motion as to Consumer Redress (ECF No. 230) is GRANTED;

2. Defendant Ross' Motion *in limine* in support of Calling Computer Expert Scott Ellis as a Witness at Trial (ECF No. 236) is DENIED; and

3. The Clerk of the Court shall transmit copies of this Memorandum Order to Counsel.

Dated: August 28, 2012.

/s/ *Richard D. Bennett*
Richard D. Bennett
United States District Judge