IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | |
| PLAINTIFF | * | |
| V. | * | CIVIL ACTION NO.: RDB-08-3233 |
| KRISTY ROSS, | * | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The above-captioned matter is scheduled for a bench trial beginning on Tuesday, September 11, 2012. The factual and procedural background of this case is well known to the parties and will not be reiterated here.[1] This Memorandum Order addresses two pending motions (1) Defendant Kristy Ross' Motion *in limine* to Preclude Application of an Adverse Inference Regarding Invocation of Rights Under the Fifth Amendment (ECF No. 240); and (2) Defendant Ross' Motion *in limine* to Exclude Hearsay. For the reasons that follow, the motion to preclude application of an adverse inference (ECF No. 240) will be GRANTED, and the motion to exclude hearsay (ECF No. 241) will be DENIED.

**I. DEFENDANT ROSS' MOTION *IN LIMINE* TO PRECLUDE APPLICATION OF AN ADVERSE INFERENCE (ECF NO. 240)**

In paper number 240, Ross seeks to preclude this Court from applying an adverse inference against Ms. Ross after she repeatedly invoked her Fifth Amendment right against

---

[1] This Court has previously issued two opinions in this case that set forth the factual background. *See FTC v. Innovative Mktg.*, 654 F. Supp. 2d 378 (D. Md. 2009); *FTC. v. Kristy Ross*, 2012 WL 2126533 (D. Md. June 11, 2012).

1

self-incrimination and did not participate meaningfully in discovery. During the pendency of this case, this Court previously stated that "it is almost an absolute guarantee to th[is] defendant[ ] that we're not going to have an adverse inference be drawn as to clients that assert an individual privilege." June 9, 2009 Hrg. Tr. More recently, this Court reiterated that "it is highly unlikely that [the Court] will draw an adverse inference from Ms. Ross' invocation of the privilege against self-incrimination." *FTC v. Ross*, 2012 WL 3745630, at *1 n.2 (D. Md. Aug. 28, 2012). Notwithstanding these statements by the Court, Ms. Ross nevertheless seeks to finally preclude any chance of an adverse inference being drawn against her in this matter. The FTC does not argue strenuously that an adverse inference *must* be applied against Ms. Ross. Instead, "[t]he FTC merely contends that [Ms. Ross' Fifth Amendment invocation] is relevant, and that the Court should take it into account, along with all of the other evidence." FTC Opp'n at 7, ECF No. 247.

While "silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause," *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976), this Court will not apply an adverse inference against Ms. Ross for the invocation of her Fifth Amendment rights against self-incrimination. This decision merely formalizes this Court's previous statements on the issue. Accordingly, Ross' Motion *in limine* to Preclude Application of an Adverse Inference (ECF No. 240) will be GRANTED.

II. **DEFENDANT ROSS' MOTION *IN LIMINE* TO EXCLUDE HEARSAY (ECF NO. 241)**

In paper number 241, Ross seeks to exclude certain evidence as inadmissible hearsay. Specifically, she challenges five categories of material which arose out of an unrelated lawsuit filed in Canada by former Defendants Daniel Sundin and Sam Jain against former co-

Defendant Marc D'Souza regarding a dispute over Innovative Marketing's profits (hereinafter, the "Canadian Litigation"). Previously, Ross moved to strike similar evidence on hearsay grounds, but after hearing argument on her motion, this Court denied it on the record during the May 9, 2012 motions hearing. *See* May 9, 2012 Order, ECF No. 226; *see also FTC v. Ross*, 2012 WL 2126533, at *5 n.3 (D. Md. June 11, 2012).

The FTC argues for admission of the challenged evidence on several grounds. In particular, the FTC argues that certain evidence is not hearsay because it is either not offered for the truth of the matter asserted, or consists of co-conspirator statements made during and in furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2)(E). In addition, the FTC argues that certain of the evidence falls under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). Finally, the FTC argues that all of the challenged evidence is admissible under the residual hearsay exception embodied in Rule 807 of the Federal Rules of Evidence.

After reviewing the challenged evidence and the argument of counsel, this Court concludes that the evidence sought to be introduced by the FTC is admissible under the residual hearsay exception.[2] Rule 807 of the Federal Rules of Evidence, commonly known as the residual hearsay exception, states in relevant part:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;

---

[2] Because this Court concludes that the evidence is admissible under Federal Rule of Evidence 807, at this juncture it need not conclusively determine whether the challenged evidence is admissible under one or more separate rules of evidence.

3

> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807.[3]

As noted by the Supreme Court, the residual exception to the hearsay rule applies "[w]hen a party seeks to introduce out-of-court statements that contain strong circumstantial indicia of reliability, that are highly probative on the material questions at trial, and that are better than other evidence otherwise available." *Tome v. United States*, 513 U.S. 150, 166 (1995). The United States Court of Appeals for the Fourth Circuit has cautioned that the residual hearsay exception "should not be construed broadly," and that "[t]o construe it broadly would easily cause the exception to swallow the rule." *United States v. Dunford*, 148 F.3d 385, 394 (4th Cir. 1998) (citation omitted). Notwithstanding this cautionary instruction, this Court nevertheless finds that the circumstances of this case warrant admissibility of the challenged evidence under the residual exception because the evidence in question meets the four requirements of the rule.

In evaluating the admissibility of evidence under Rule 807, "[t]he most important element of [the Rule's] requirements is that the district court properly determine that 'equivalent circumstantial guarantees of trustworthiness' are present." *Dunford*, 148 F.3d at 393 (quoting 2 MCCORMICK ON EVIDENCE § 324, at 362 (4th ed. 1992)). To make this

---

[3] Rule 807 was created in 1997 when "[t]he contents of Rule 803(24) and Rule 804(b)(5) [were] combined and transferred to a new Rule 807. . . . No change in meaning [was] intended." Fed. R. Evid. 807 1997 Advisory Committee's Notes. In 2011, the rule was further amended "to make [it] more easily understood and to make style and terminology consistent throughout the rules." 2011 Advisory Committee's Note. For the purposes of this analysis, earlier cases that addressed Rules 803(24) and 804(b)(5) are applicable to a discussion of the current Rule 807.

determination, this Court looks to the totality of the circumstances surrounding the out-of-court statements. *See id.* (citing *United States v. Clarke*, 2 F.3d 81, 84-85 (4th Cir. 1993).

Here, the out-of-court statements and documents were made in connection with the Canadian Litigation—a lawsuit in which Ms. Ross' co-defendants sued each other over the profits of Innovative Marketing, the business at the center of the present case. The statements were made by Innovative Marketing's high-ranking executives, and although they were not subject to cross-examination,[4] were made in anticipation that they would be evaluated and challenged in a court of law. More importantly, however, unchallenged evidence in this case substantially corroborates the contents of the challenged evidence and therefore affords the challenged evidence the "ring of reliability." *Clarke*, 2 F.3d at 85.

Regarding the second and third elements of the Rule 807 analysis, the Court concludes that the challenged evidence is offered as evidence of a material fact and is more probative than other evidence that can reasonably be obtained. The evidence relates to the scope and nature of the alleged conspiracy, and serves to illustrate a major element of the upcoming trial in this case—namely, the role Ms. Ross played while working at Innovative Marketing. The evidence is certainly more probative than other obtainable evidence. To the

---

[4] Ms. Ross cites *FTC v. Washington Data Resources*, 2011 WL 2669661 (M.D. Fla. July 7, 2011) for the proposition that litigation affidavits not subject to cross-examination are not admissible under Rule 807. To the extent that this case is even persuasive, the facts are inapposite. The affidavits at issue in that case were collected by the FTC for use at trial in lieu of live testimony. The Florida district court held that because the FTC showed no "exceptional circumstances warranting the admission of an un-cross-examined declaration into evidence *as a substitute for live testimony*," the declarations were not admissible under the residual hearsay exception. *Id.* at *5 (emphasis added). Here, the FTC does not seek to introduce the challenged evidence in lieu of live testimony. As the FTC notes in its brief, "Ross and her co-conspirators have all either invoked the Fifth Amendment, defaulted, fled the country, or some combination of the three." FTC Opp'n at 7, ECF No. 244. Accordingly, there is no way to introduce live testimony on the subject of the challenged evidence, and to the extent "exceptional circumstances" are part of the analysis, this Court concludes that such circumstances are present.

extent other evidence even exists, *see supra* note 4, Ross' and her co-defendants' silence and non-participation in discovery have severely hampered the FTC's collection of evidence in this case, and have made the collection of other probative evidence nearly impossible.

Finally, this Court concludes that admission of the challenged evidence under the residual hearsay exception will "best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807. As discussed *supra*, the Court will not apply an adverse inference against Ms. Ross for invoking her Fifth Amendment right against self-incrimination, but her and her co-defendants' silence and non-participation in discovery have limited the available evidence in this matter. Admitting the challenged evidence will best allow this Court "to weigh the credibility of all of the evidence and to resolve the serious charges." *Dunford*, 148 F.3d at 394. Accordingly, this Court concludes that the challenged evidence is admissible under the residual hearsay exception, and therefore Ross' motion to exclude hearsay (ECF No. 241) will be DENIED.

## CONCLUSION

For the reasons stated above, it is this 10th day of September, 2012 ORDERED that:

1. Defendant Ross' Motion *in limine* to Preclude Application of an Adverse Inference (ECF No. 240) is GRANTED;

2. Defendant Ross' Motion *in limine* to Exclude Hearsay (ECF No. 241) is GRANTED; and

3. The Clerk of the Court shall transmit copies of this Memorandum Order to Counsel.

Dated: September 10, 2012.

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge