IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FEDERAL TRADE COMMISSION,**          *

    **Plaintiff,**                                     *

                                                     **Civil Action No. RDB-08-3233**

    **v.**                                                    *

**KRISTY ROSS,**                                  *

    **Defendant.**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") brought this action in 2008 against eight Defendants, comprised of various corporate entities and individuals, for deceptive conduct in connection with software sales. (ECF No. 1.) Four of the Defendants settled with the FTC, three have had default judgments entered against them, and this Court held a two-day bench trial and found the remaining Defendant, Kristy Ross ("Ross"), liable for engaging in deceptive marketing. (ECF No. 262.) The Court permanently enjoined Ross from the marketing and sale of computer security software and any form of deceptive marketing; the Court also found her jointly and severally liable for consumer redress in the amount of $163,167,539.95. *Id.*

Presently pending before the Court is Defendant Ross's Motion to Vacate the damages portion of the judgment against her. (ECF Nos. 275, 276.) The Court has reviewed the related filings (ECF Nos. 280, 285, 286) and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant Ross's Motion is DENIED.

## BACKGROUND

I. **Defendant Ross's Case Background**

This Court has detailed the factual background for this case in previous opinions. (ECF Nos. 139, 227, 262.) Nonetheless, the Court will reiterate those facts relevant to the instant dispute. On December 2, 2008, the FTC brought this case under Section 5(a) (15 U.S.C. § 45(a)) of the of the Federal Trade Commission Act ("FTC Act") which prohibits engaging in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." (ECF No. 1.) The FTC sought redress under Section 13(b) (15 U.S.C. § 53(b)) which states that "in proper cases the Commission may seek, and after proper proof, the court may issue a permanent injunction." 15 U.S.C. § 53(b).

In a Memorandum Opinion, Order, and Letter Order addressing FTC's Motion for Summary Judgment, this Court found that Ross's Co-Defendants violated Section 5(a) of the FTC Act, but denied summary judgment as to Ross due to dispute of material fact. (ECF Nos. 227, 228, 229.) The Court held a two-day bench trial concerning those claims against Ross from September 11, 2012, until September 12, 2012. (ECF Nos. 255, 257.)[1] Shortly thereafter, the Court issued a Memorandum Opinion explaining the findings of fact and conclusions of law. *F.T.C. v. Ross*, 897 F. Supp. 2d 369, 373 (D. Md. 2012), *aff'd*, 743 F.3d 886 (4th Cir. 2014). The Court found Ross liable for engaging in deceptive marketing in violation of Section 5(a) of the FTC Act and ordered damages under Section 13(b) in the form of injunctive relief and consumer redress amounting to $163,167,539.95.[2]

---

[1] Ross refused to actively participate in the case – she did not provide discovery or comply with any orders of the Court. Ross also failed to attend the bench trial.

[2] There has been no collection on this judgment against Ross.

Defendant Ross appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit. (ECF No. 264.) The Fourth Circuit affirmed this Court's decision and expounded on each of Ross's issues on appeal. *F.T.C. v. Ross*, 743 F.3d 886 (4th Cir. 2014), *cert. denied*, 574 US 819 (2014). Of particular importance now, the Fourth Circuit addressed Ross's contention that a district court lacked authority to award monetary relief in the form of consumer redress under Section 13(b) of 15 U.S.C. § 53(b). *Id.* at 891. In rejecting Ross's argument, the Fourth Circuit emphasized the previous longstanding precedent that "Congress presumably authorized the district court to exercise the full measure of its equitable jurisdiction." *Id.* The Fourth Circuit explicitly noted that at the time, "the court had sufficient statutory power to award 'complete relief,' including monetary consumer redress, which is a form of equitable relief." *Id.* (citing *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946)). Interestingly, the Fourth Circuit found that a "ruling in favor of Ross would forsake almost thirty years of federal appellate decisions and create a circuit split, a result that we will not countenance in the face of powerful Supreme Court authority pointing in the other direction."[3] In its opinion, the Fourth Circuit cited to a string of cases illustrating the decades of precedent amongst the circuits, as cited in the analysis *infra* Section II. *Ross*, 743 F.3d at 892.

## II. <u>AMG Capital Management, LLC, et al. v. Federal Trade Commission</u>

---

[3] The United States Court of Appeals for the Seventh Circuit only recently overruled its own precedent and created a circuit split in 2019, holding that "section 13(b) does not authorize restitutionary relief." *F.T.C. v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 766 (7th Cir. 2019).

Years later, the United States Supreme Court "point[ed] in the other direction." On April 22, 2021, the Supreme Court held "that § 13(b)'s 'permanent injunction' language does not authorize the Commission directly to obtain court-ordered monetary relief." *AMG Cap. Mgmt., LLC v. F.T.C.*, 141 S. Ct. 1341, 1347 (2021). The Supreme Court noted several considerations in reaching this decision, and notably relied on congressional intent to deduce that the plain language of § 13(b) authorizes injunctive relief but not monetary relief. *Id.* at 1359.

Notably, the Supreme Court rejected the FTC's argument that, because United States Courts of Appeals have consistently affirmed district court decisions awarding monetary relief under § 13(b), Congress had "in effect twice ratified that interpretation in subsequent amendments to the Act." *AMG*, 141 S. Ct. at 1351. The Supreme Court expressly distinguished Congress's amendments, noting that they "simply revised § 13(b)'s venue, joinder, and service rules, not its remedial provisions. They tell us nothing about the words 'permanent injunction' in § 13(b)." *Id.* As a result, longstanding precedent has been overruled and courts are not authorized to award monetary damages under § 13(b) of the FTC Act.

### III. **Defendant Ross's Current Challenge**

Defendant Ross now challenges this Court's Order finding that she is jointly and severally liable under § 13(b) for consumer redress in the amount of $163,167,539.95. (ECF No. 275.) Ross relies almost exclusively on *AMG* in arguing (1) this Court lacked statutory authority to enter a monetary judgment thereby rendering that part of the judgment void under Federal Rule of Civil Procedure 60(b)(4); or alternatively (2) the change in law equates to

extraordinary circumstances necessary to vacate the monetary judgment under Federal Rule of Civil Procedure 60(b)(6). *Id.*

The FTC appropriately retorts that the remedial measures under § 13(b) were not jurisdictional and therefore the change in law does not render this Court's previous Order void under Federal Rule of Civil Procedure 60(b)(4). (ECF No. 280 at 4.) FTC continues that even if application of § 13(b) was deemed jurisdictional, this Court had an arguable basis to assert jurisdiction in 2012. *Id.* at 8. Furthermore, FTC aptly notes that the change in law from *AMG* does not present extraordinary circumstances under Federal Rule of Civil Procedure 60(b)(6). *Id.* at 10. Accordingly, for the reasons explained below, Defendant Ross's Motion to Vacate (ECF No. 275) is DENIED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) empowers this Court to "relieve a party or its legal representative from a final judgment, order, or proceeding." "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. Apr. 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). Ross seeks vacatur under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6).

I. **Rule 60(b)(4)**

A judgment is void under Rule 60(b)(4) if "the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). The concept of "void" is narrowly construed such that "a lack of subject matter jurisdiction will not always render a final

judgment 'void' [under Rule 60(b)(4)]. Only when the jurisdictional error is 'egregious' will courts treat the judgment as void." *Id.* at 413 (quoting *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) (internal quotations omitted)). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted).

## II. <u>Rule 60(b)(6)</u>

Rule 60(b)(6) is a "catch-all provision" which permits the court to re-open a case for "any other reason that justifies relief." *Moses v. Joyner*, 815 F.3d 163, 167-68 (4th Cir. 2016). Relief under Rule 60(b)(6) is only appropriate "under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Gelin v. Balt. Cnty, Md.*, ADC-16-3694, 2019 WL 1546849, at *9 (D. Md. Apr. 9, 2019) (quoting *Trs. Of Painters' Tr. Fund of Washington, D.C. v. Clabbers*, DKC-02-4063, 2010 WL 2732241, at *5 (D. Md. July 9, 2010)).

## ANALYSIS

Defendant Ross has failed to argue "exceptional circumstances" that warrant "extraordinary relief" under Federal Rule of Civil Procedure 60(b).

## I. <u>Rule 60(b)(4)</u>

Ross argues that the Court's monetary judgment against her was a jurisdictional error which cannot be forgiven because this Court lacked even an arguable basis for jurisdiction. (ECF No. 276 at 4.) Ross's contention is unfounded. As the FTC properly states, application

6

of § 13(b) is procedural, not jurisdictional. The Supreme Court categorized § 13(b) as a remedial provision. *AMG*, 141 S. Ct. at 1351. Our neighboring United States Court of Appeals for the District of Columbia Circuit found that the authority to impose certain remedies "is fundamentally different from a court's subject matter jurisdiction over a case and from its personal jurisdiction over the parties, both of which concern the power to proceed with a case at all." *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016). That court held that "Rule 60(b)(4) does not permit relief where a court has exceeded its remedial authority" because "challenges to allegedly unauthorized remedies could produce an endless series of interlocutory appeals, especially in complex, long-running cases." *Id.* at 850-51.

This Court agrees with the United States Court of Appeals for the District of Columbia Circuit that remedial provisions are not jurisdictional for purposes of Rule 60(b)(4) relief. Here, the Court exercised subject matter jurisdiction over the case based on the United States' status as a plaintiff under 28 U.S.C. § 1345 and federal question jurisdiction under 283 U.S.C. § 1331. The Supreme Court's decision in *AMG* concerning the remedial provision, or lack thereof, in § 13(b) does not strip this Court of subject matter jurisdiction over claims under 15 U.S.C. § 53(b) as necessary for a Rule 60(b)(4) challenge.

Furthermore, even if § 13(b) application is jurisdictional, this Court had an arguable basis for rendering a monetary judgment in 2012. In Ross's own appeal, the Fourth Circuit emphasized that district courts' authority to award consumer redress under § 13(b) in 2012 was guided by precedent. *Ross*, 743 F.3d at 891-92. (citing *F.T.C. v. Bronson Partners LLC*, 654 F.3d 359, 365–67 (2d Cir. 2011); *F.T.C. v. Amy Travel Service, Inc.*, 875 F.2d 564, 571 (7th Cir. 1989); *F.T.C. v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314–15 (8th Cir. 1991);

7

*F.T.C. v. Pantron I Corp.*, 33 F.3d 1088, 1101–02 (9th Cir. 1994); *F.T.C. v. Gem Merchandising Corp.*, 87 F.3d 466, 468–70 (11th Cir. 1996)); *see also F.T.C. v. J.K. Publ'n*, 99 F. Supp. 1176 (C.D. Cal. 2000); *F.T.C. v. Kitco of Nevada, Inc.*, 612 F. Supp. 1282 (D. Minn. 1985); *see also F.T.C. v. AH Media Grp., LLC*, 339 F.R.D. 612, 618 (N.D. Cal. 2021) ("This is not a situation of a total want of jurisdiction, or one in which the Court lacked even an arguable basis in jurisdiction"); *F.T.C. v. Apex Cap. Grp.*, No. CV 18-9573-JFW(JPRX), 2021 WL 7707269, at *3 (C.D. Cal. Sept. 3, 2021) ("the Court also concludes that portion of the Stipulated Judgment was not void within the meaning of Rule 60(b)(4) because…there was plainly an 'arguable basis' for the Court's exercise of jurisdiction"); *F.T.C. v. John Beck Amazing Profits, LLC*, No. CV 9-4719-MWF (CWX), 2021 WL 4313101, at *2 (C.D. Cal. Aug. 19, 2021). The overwhelming precedent that guided this Court's decision in 2012 provided a solid "arguable basis" for jurisdiction. Thus, because the judgment against Ross is not void under Federal Rule of Civil Procedure 60(b)(4) for lack of jurisdiction, her argument here fails.

II. **Rule 60(b)(6)**

Defendant Ross asserts that the change in law articulated in *AMG* and "other circumstances" amount to "extraordinary circumstances" for relief under Federal Rule of Civil Procedure 60(b)(6). Again, precedent dictates otherwise. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). In this Circuit, "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

The change in law from *AMG* and "other circumstances" do not amount to extraordinary circumstances necessary for relief under Rule 60(b)(6). First, the "other circumstances" presented by Defendant Ross include application of factors that guide the Ninth and Eleventh Circuits' analyses. (ECF No. 276 at 12.) The Fourth Circuit does not employ a similar factor analysis. Second, the Fourth Circuit has expressly stated that change in decisional law after a final judgment does not alone constitute rationale for relief under 60(b)(6). *Dowell*, 993 F.2d at 48. Additionally, the amount of time that has passed since the judgment was entered – almost ten years – weighs unfavorable to a finding of extraordinary circumstance. In all, Defendant Ross has failed to present extraordinary circumstances that warrant vacatur under Federal Rule of Civil Procedure 60(b)(6) and her claim here fails.

## CONCLUSION

Because both of Defendant's arguments failed for the reasons stated above, Defendant Ross's Motion to Vacate (ECF No. 275) is DENIED.

A separate Order follows.

Dated: September 14, 2022                                        _____/s/_____
                                                                                                                Richard D. Bennett
                                                                                                                United States District Judge